ALLMON ET AL. *v.* REVIEW BOARD OF INDIANA
EMPLOYMENT SECURITY DIVISION, ETC., ET AL.

[No. 18,419. Filed December 18, 1953.]

*Wilbur F. Dassel,* of Evansville, for appellants.

*Arthur R. Donovan,* and *Kahn, Dees, Donovan & Kahn,* all of Evansville, for appellees.

KENDALL, P. J.—This is an appeal from a decision of the Review Board of The Indiana Employment Security Division.

The claims for benefits under the Security Act, §1504, were originally heard by Appeals Referee from which the employer appealed to the Full Board. The Full Board held that certain claimants were not eligible for benefits for the period of time stated which was due to stoppage of work due to a labor dispute in which they held that the employees participated.

Our attention is directed to the fact that the parties taking this appeal, and being designated as appellants in the assignment of errors, have failed to name ▮ as appellants any party against whom there was an adverse decision rendered by the Review Board. Paul J. Allmon, who is designated as appellant and referred to as C-2 on the list of claimants, was not a party to the proceedings before the Review Board. The transcript of the proceedings shows that on December 11, 1952, many claimants, of whom Paul J. Allmon was one, filed their request by their attorney of record to dismiss the appeal as to them, which request to dismiss contained the following provision:

"To dismiss appeal separately and jointly and to accept the rulings of the referee heretofore given."

Approximately thirty-four names are shown on Schedule A containing the list of the claimants withdrawing from the appeal before the Full Board. Therefore, what this court has before it is the name of an individual listed as an appellant which the record shows filed a withdrawal from the proceedings before the Review Board from which this appeal has been taken to this court. It seems clear that this is proof that Mr. Allmon does not have any interest in this appeal, he having elected to accept the decision of the Appeals Referee and he is not now a proper party appellant in this court.

The following letters also appear after the name of Mr. Allmon in the assignment of errors, to-wit: "et al." No further names of appellants are listed in the assignment of errors. Since Mr. Allmon has accepted the decision of the Review Board, all that remains in the assignment of errors as party appellants is "et al." From the assignment, therefore, it is impossible to determine who are, or how many appellants are involved in the litigation sought to be presented to the court and who had an adverse finding against them by the Full Review Board. The use of the words, "et al.", does not save the assignment. Flanagan, Wiltrout & Hamilton, §2402, page 170.

Judge Lowe, in Lowe's Revision, §70.69, Appeals, says:

"Where names are omitted in the title, the defects may be cured by setting them forth in the body of the assignment."

On the page following the assignment of errors in the transcript is a page entitled, "Title Page," of which the caption, so far as the appellants are concerned, is as follows:

"PAUL J. ALLMON,
604 E. Locust St.,
Fort Branch, Indiana, et al.,
(for list of other appellants
see page IX of transcript),

APPELLANTS,"

Thereafter, on the following page appears a mimeographed list of names stapled to the transcript.

Under the rules, this title page does not constitute a part of the assignment of errors. Even if it were contended by counsel for appellant that it was a portion of the assignment of errors, it cannot be so considered for the reason that it is not signed.

Rule 2-6 of the Supreme Court of Indiana, 1949 Revision, contains the following:

"In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interest of the appellants shall be named as appellees."

Where the rule quoted says:

"Failure properly to name parties will not be treated as jurisdictional."

refers to misspelling of names, initials or where incorrect given names are listed or other similar means of identification. It does not refer to where there is a total lack or failure on the part of those taking an appeal to name in the assignment of errors the proper party appellants.

Attention is called by appellees in their brief to the fact that the appellants failed to name any party to the decision of the Review Board seeking relief ■ by this appeal in their assignment of errors. In the appellants' reply brief there is a failure to comment upon this alleged error.

The claimants' notice of intention to appeal, as shown in the transcript, as well as the praecipe for a transcript, lists the name of another person, to-wit: Jesse Akers, and no mention of Paul J. Allmon. As previously pointed out, Jesse Akers is in no way named or designated in the assignment of errors.

In this case, the parties taking the appeal have not seen fit to list the names of appellants in the title of the case, neither have they been given in the body of the assignment.

In the case of *Moore* v. *Franklin et al.* (1896), 145 Ind. 344, 44 N. E. 459, the court announced the general rule to be that all parties to a judgment must be made parties in the assignment of errors on an appeal, and, if not, the appeal will be dismissed. See also *Woodfill and Others* v. *The Town of Greensburgh* (1862), 18 Ind. 203.

It was further held in the case of *Smith* v. *Fairfield* (1901), 157 Ind. 491, 61 N. E. 560, as follows:

> "It has been often and uniformly held by this court that when part only of joint judgment defendants take a vacation appeal under . . . , all the persons jointly bound must be named in the assignment of error as appellants." (See cases cited.)

It has been decided many times by this and the Supreme Court that the assignment of errors constitutes the appellant's complaint and that the full names of all the parties must be set out in the assignment of errors. *Gunn* v. *Haworth* (1902), 159 Ind. 419, 64 N. E.

911, and cases cited therein. See also *Second Nat. Bank of Robinson, Ill.* v. *Scudder* (1937), 212 Ind. 283, 6 N. E. 2d 955. The rule is further announced in the case of *Gourley* v. *Embree* (1894), 137 Ind. 82, 36 N. E. 846, as follows:

"The assignment of errors constitutes the appellant's complaint in the Supreme Court, and by it he must bring the proper parties before the court, and properly set forth the causes upon which he relies for relief. A failure to do any of these things is fatal to his standing in court. He cannot have a lawsuit by himself, nor can he select from the parties to the final judgment such as he chooses to name, and omit the others. He must name all who are affected by the judgment appealed from. If he has not done so, the assignment of error will be held unavailing whenever the defect is brought to the notice of the court."

From the assignment of errors on page vii of the transcript, it is impossible for this court to determine who the proper party appellants are. This court is not inclined to dispose of litigation by mere technicalities; however, the rules of the Supreme Court are clear and concise and it is the duty of all parties preparing transcripts to comply with the rules of the court. The rules of the Supreme Court and this court when adopted and published have the same force and effect as law and are binding alike upon courts and litigants. *Washington Natl. Ins. Co.* v. *Hines* (1937), 103 Ind. App. 497, 8 N. E. 2d 1011. For this court to consider the cause further on the merits and endeavor to search out who the proper appellants are would require us to disregard the rules and further require us to perform the work of the ones whose duty it was to properly see that the transcript was prepared. Accordingly, for these reasons, appeal is dismissed.

NOTE.—Reported in 116 N. E. 2d 115.