BARLOG ET AL. *v.* CITY OF HAMMOND ET AL.

[No. 19,451. Filed April 22, 1960.]

*Eugene D. Tyler,* of Hammond, for appellants.

*James J. Richards* and *George Kohl,* both of Hammond, for appellee.

MYERS, C. J.—This is an appeal from a judgment of the Lake Circuit Court which sustained a demurrer to

appellants' petition for a writ of certiorari against The Board of Zoning Appeals of Hammond, Indiana, the Board having previously granted a variance permitting the erection of a Quonset building and concrete block office building in a Class "B" Residential zone over the objections and protest of the appellants who claimed to be property owners residing in or about the area affected.

Appellants filed their purported assignment of errors and transcript on the 3rd day of February, 1960, together with appellants' brief.

Appellees have filed a motion to dismiss or in the alternative that the judgment below be affirmed. One of the grounds set forth is that the assignment of errors and transcript are defective.

We find that the purported transcript contains no marginal notes with the exception of one page, which notes are required by Supreme Court Rule 2-5. The Clerk's Certificate attached to the transcript is signed by the Clerk of the Lake Circuit Court, but is not dated. The first page of the purported transcript is apparently a title page, with a list of names of persons, designated as appellants, against the City of Hammond, Indiana, The Board of Zoning Appeals of Hammond, the individuals named as members of The Board of Zoning Appeals, and one Fred Slathar, who are designated as appellees.

The second page of the purported transcript sets forth the assignment of errors as follows:

"IN THE APPELLATE COURT
OF INDIANA

CAUSE NO. 19451

| "ROMAN J. BARLOG, et al.<br>Appellants<br>-vs-<br>"CITY OF HAMMOND,<br>INDIANA, et al,<br>Appellee | ASSIGNMENT<br>OF ERRORS |
|---|---|

"The Appellant avers that there is manifest error in the Judgment and proceedings in this Cause, which is prejudicial to Appellant, in this:

"1. That the court erred in sustaining defendant-Appellee's demurrer to plaintiff's petition for Writ of Certiorari.

"2. That the court erred in sustaining defendant-Appellee's demurrer to plaintiff's petition for Writ of Certiorari and in rendering judgment against the plaintiff-Appellant upon their failure to plead further.

> "Eugene D. Tyler
> "EUGENE D. TYLER
> "Attorney for Appellants
> "5305 Hohman Avenue,
> Suite 505
> "Hammond, Indiana"

Rule 2-6 of the Supreme Court reads in part as follows:

"In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellant shall be named as appellees."

We have often stated that the assignment of errors constitutes the complaint by the appellants in this court.

It is a necessity that the names of all the parties, appellants and appellees, be set forth in such assignment of errors. The title page, heretofore referred to as the first page, of the purported transcript does not constitute a part of the assignment of errors and cannot be so considered, even if so contended by appellants, because it is not signed. *Allmon et al.* v. *Review Board, etc., et al.* (1953), 124 Ind. App. 212, 116 N. E. 2d 115. Failure to name parties is jurisdictional. By looking at the assignment of errors, we have no way of determining who are the parties appellant or parties appellee. Accordingly, this court has no jurisdiction over this appeal. *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591.

Appeal dismissed.

NOTE.—Reported in 166 N. E. 2d 340.