GRAUE ET AL. *v.* BROWN ET AL.

[No. 19,300. Filed January 25, 1961.]

*Raymond B. Rolfes, Richard H. Garvey, William L.*

*Woodfill* and *Leon J. Humbert,* all of Greensburg, for appellants.

*Herrod Carr,* of Greensburg, for appellees.

COOPER, J.—This is an attempted appeal from the Decatur Circuit Court,wherein the appellees brought suit against the appellants herein to resist the probate of the last will and testament of one Frank Brown, deceased.

In reviewing the record before us, it affirmatively appears that the appellants have failed to invoke the jurisdiction of the Court to decide this attempted appeal on the merits by failing to file an assignment of errors.

Rule 2-6 of the Supreme Court provides in part:

"There shall be attached to the front of the transcript, immediately following the index, a specific assignment of the errors relied upon by the appellant in which each specification of error shall be complete and separately numbered."

The assignment of errors constitutes the appellants' complaint in this court. Our Supreme Court has stated in substance, it is a requisite to any appeal, and without a proper assignment of errors no jurisdiction is conferred upon the Appellate tribunal. See *Bolden* v. *State* (1956), 235 Ind. 695, 131 N. E. 2d 301; *Davis* v. *Pelley* (1952), 230 Ind. 248, 251, 102 N. E. 2d 910, also Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, §2381 and authorities cited therein.

This Court must take notice of its lack of jurisdiction on its own motion when the appellee fails in the duty to apprise us of such fact. *Catherwood v. McIntyre* (1934), 99 Ind. App. 220, 221, 192 N. E. 109, and authorities cited therein.

It appearing from the record that we lack jurisdiction because of the appellants' failure to file ■ their assignment of errors as provided by Rule 2-6, this appeal is dismissed.

Appeal dismissed.

Ax, C. J., Myers and Ryan, JJ., concur.

NOTE.—Reported in 171 N. E. 2d 705.