INDIANA CONSTRUCTION MATERIAL CO., INC. *v.* GELOPULOS ET AL.

[No. 19,394. Filed February 15, 1961.]

*E. S. McCray* and *Philip M. Cagen,* both of Valparaiso, for appellant.

*George W. Douglas* and *Russell A. Nixon,* both of Valparaiso, for appellee.

MYERS, J.—This is an action to foreclose a mechanic's lien commenced by appellant as plaintiff against appellee, Peter Gelopulos, as defendant. At the outset, the record reveals that the named appellee filed a petition with the trial court to make additional parties defendants; that this application was granted and summons was issued against two other parties, who appeared and took part in the proceedings by filing pleadings thereafter. In its fourth amended complaint, upon which the issues were based and trial held, appellant named three persons as parties defendant, including the named appellee herein. After trial of the cause, the court found "for the defendant" and against the appellant and entered judgment accordingly.

As the first page of appellant's transcript, immediately following the index, the assignment of errors is set forth and reads as follows:

"STATE OF INDIANA  
"COUNTY OF PORTER SS: "IN THE PORTER SUPERIOR COURT

"INDIANA CONSTRUCTION  
MATERIAL CO., INC.  
.VS  
"PETER GELOPULOS, ET AL

*"Cause No. 19394*

*"ASSIGNMENT OF ERRORS*

"Appellant, Indiana Construction Material Co., Inc. respectfully shows to the Court that there is manifest error in the judgment and proceedings in the trial Court in this:

"That the trial Court erred in granting Appellant's Motion for New Trial.

"WHEREFORE, Appellant prays that the judgment rendered herein be reversed and that the Appellant be granted a new trial and such other relief as may be proper.

"E. S. McCRAY

"PHILIP M. CAGEN

"BY: Philip M. Cagen

"ATTORNEYS FOR APPELLANT"

It is noted that the error relied upon is assigned as the "granting" of appellant's motion for new trial. The record shows that, in fact, the trial court overruled the motion for new trial. Appellant argues that this was clearly a clerical error and is obvious on the face of the assignment of errors. Whether this materially affects this appeal is not considered herein for the reason that there is a fatal defect on the face of the assignment of errors.

Rule 2-6 of the Supreme Court of Indiana states, in part, the following:

"In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellant shall be named as appelles."

This court and the Supreme Court have held many times that the assignment of errors is equivalent to a complaint filed by the appellant in this court. As such it must set forth the names of all parties to the judgment below. If the adverse parties to the appeal are not made appellees, the case cannot be determined on its merits because this court has no power to disturb the judgment without disturbing it as to all in whose favor it is rendered, and we have no jurisdiction to disturb it as to those who are not parties to the appeal. *Voss v. Balz* (1932), 203 Ind. 221,

179 N. E. 552. Pursuant to Rule 2-6, the use of the expression "et al.," following the names of the appellant or appellee in the caption, does not confer jurisdiction over those who are necessary parties to an appeal. *Barlog et al.* v. *City of Hammond et al.* (1960), 130 Ind. App. 501, 166 N. E. 2d 340; *Allmon et al.* v. *Review Board, etc., et al.* (1953), 124 Ind. App. 212, 116 N. E. 2d 115; *Klotz* v. *Schellenberger* (1913), 180 Ind. 287, 102 N. E. 134. For interpretation of Rule 2-6, see *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591.

The naming of the parties appellee is especially important in this case because the judgment entered by the trial court did not specify in favor of which defendant of those named in the fourth amended complaint the judgment was rendered. The assignment of errors is clearly insufficient, and, accordingly, this court has no jurisdiction over this appeal.

Appeal dismissed.

Ax, C.J., and Cooper and Ryan, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 72.