STAMM *v*. PRICE ET AL.

[No. 19,983.   Filed May 2, 1963.]

*Williams, Williamson & Colvin* and *Wm. H. Williamson*, of Indianapolis, for appellant.

*Smith & Yarling*, of Indianapolis, for appellees.

COOPER, C. J.—This is an attempted appeal from the Superior Court of Marion County, Indiana, Room #2, wherein the appellant, Basil D. Stamm, brought an action against Bituminous Casualty Corporation for an alleged breach of a compensation policy.

The matter is now before us on the appellees' motion to dismiss or affirm by reason of the appellant's failure to set forth in the transcript of record in these proceedings an assignment of error and the motion of the appellant for permission to attach said assignment of error to said transcript.

In reviewing the record now before us, it affirmatively appears that on the 14th day of December, 1962, appellant's motion for new trial was overruled, and, thereafter the appellant filed his transcript of record on March 13, 1963.

In reviewing the applicable Rules of the Supreme Court with reference to appeals, we find the following pertinent statement in Rule 2-2:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. . . ."

It appearing that the appellant has failed to comply with said Rule 2-2, it is therefore incumbent upon us to deny the appellant's motion to attach to the transcript of record the assignment of error filed on April 16, 1963.

We also note that Rule 2-6 of the Supreme Court provides, in part:

"There shall be attached to the front of the transcript, immediately following the index, a specific assignment of the errors relied upon by the appellant in which each specification of error shall be complete and separately numbered. . . ."

It is the general rule of law that the assignment of errors constitutes the appellant's complaint in this court. Our Supreme Court has stated in substance, it is a requisite to any appeal, and without a proper assignment of errors no jurisdiction is conferred upon the appellate tribunal. See *Graue* v. *Brown* (1961), 131 Ind. App. 435, 171 N. E. 2d 705; *Bolden* v. *State* (1956), 235 Ind. 695, 131 N. E. 2d 301; *Davis* v. *Pelley* (1952), 230 Ind. 248, 251, 102 N. E. 2d 910. See, also, Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, §2381, and authorities cited therein.

It appearing from the record that we lack jurisdiction because of the appellant's failure to file his assignment of errors as provided by Rule 2-6, this appeal is dismissed.

Appeal dismissed. Costs versus appellant.

NOTE.— Reported in 189 N. E. 2d 837.