BROWN ET AL. *v.* HARDING ET AL.

[No. 19,958. Filed March 1, 1965.]

*Courtney W. Kerwin* and *Kenneth E. Shockley* of Kokomo, for appellants.

*Marshall, Hillis, Hillis and Button* of Kokomo and *Jesse W. Gammon* and *Albert W. Ewbank,* of Indianapolis, for appellees.

BIERLY, P. J.—The appellees brought this action in the Howard Circuit Court against the appellants to set aside two deeds to certain real estate described therein, and requesting the appointment of a trustee to hold said real estate. The appellees allege in their complaint that the grantor named in said deeds was vested only with a life estate; and that the appellees hold the fee simple title to said real estate subject to said reserved life estate.

The cause was tried by the court without the intervention of a jury. The issues were formed by the complaint, an answer in denial filed to the complaint, and an affirmative answer alleging the defense of prior adjudication.

The court below found for the appellees and entered judgment on its findings and appellants are herein appealing from this finding and judgment.

Appellants filed a motion for a new trial which the court overruled, and the overruling of the motion for a new trial is the basis of this appeal.

The appellees are challenging the jurisdiction of this court to hear this appeal. The jurisdictional question was raised the first time at the time of oral argument. The appellees challenge the jurisdiction of this court because of an invalid assignment of errors contained in the transcript.

The assignment of errors, as the same appears in the transcript, omitting formal parts, reads as follows:

"ASSIGNMENT OF ERRORS.
"Comes now the appellants and make the following assignment of errors:

"1. The findings of the trial court is not sustained by sufficient evidence.

"2. The findings of the trial court is contrary to law."

However, contained in the brief of the appellants under the heading "CLERK'S CERTIFICATE", are the following recitals:

". . . On the 15th day of January, 1963, the foregoing transcript of record was filed with the Clerk of the Appellate Court of Indiana with an ASSIGNMENT OF ERRORS averring that the Howard Circuit Court erred in overruling appellant's motion for a new trial. (T. i)."

Thus it appears that there is a variance between the assignment of errors set forth in the transcript and the assignment of errors set forth in the brief.

Both the Appellate Court and the Supreme Court of Indiana have held many times that the assignment of errors constitutes the complaint on appeal. It is imperative, therefore, in order to confer jurisdiction on this court, that a proper assignment of errors be filed. *Davis* v. *Pelley* (1952), 230 Ind. 248, 251, 102 N. E. 2d 910; *Allmon et al.* v. *Review Board, etc., et al.*, (1953), 124 Ind. App. 212; see also Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §§2381, 2382, and authorities therein cited.

The question to be determined is whether or not the assignment of errors included in the transcript is a valid assignment in the light of Rule 2-6 of the Supreme Court of Indiana, as was in full force and effect on the date appellants filed their complaint in the trial court. The aforesaid Rule 2-6 provides, in part, the following:

"If, in the trial court, a motion for new trial is filed, each error relied upon, however and when-

ever arising up to the time of the filing of said motion, may be separately specified therein as a ground therefor, and an assignment of error to the effect that the trial court erred in overruling said motion shall be sufficient to raise said asserted error on appeal. . . ."

Matters which come under one of the statutory grounds for a motion for new trial cannot be assigned independently. Appellants' assignments of error that the findings of the trial court are not sustained by sufficient evidence and are contrary to law are both grounds for a motion for new trial and not proper for independent assignment. *Summers* v. *Summers* (1962), 134 Ind. App. 77, 178 N. E. 2d 69; *Walker* v. *Peoples Bank & Trust Co., Admr., etc.* (1959), 130 Ind. App. 138, 162 N. E. 2d 320.

Thus it appears from an examination of the transcript that the assignment of errors set forth therein does not contain an allegation that the trial court erred in overruling the motion for a new trial. Clearly the assignment of errors contained in the transcript does not comply with Rule 2-6 and therefore is fatally defective.

This being a question of jurisdiction, it is the duty of this court to search the record and to take notice of the lack of jurisdiction even though the appellees had not specifically challenged the jurisdiction of this court until the time of oral argument. It is the opinion of this court that this question was timely raised by the appellees. *Graue et al.* v. *Brown et al.* (1961), 131 Ind. App. 435, 171 N. E. 2d 705.

This court prefers to determine all cases that come before it on the merits, and shall do so upon substan-

tial compliance with the rules of the Supreme Court, unless the rules do not permit substantial compliance but demand, instead, full compliance. It is our opinion that Rule 2-6, as it pertains to what constitutes a valid assignment of error, demands full compliance with said rule and does not permit substantial compliance.

From a search of the transcript we can find no valid assignment of errors, namely, that the trial court erred in overruling a motion for new trial. It is our opinion that the assignment of errors, as disclosed in the transcript, is fatally defective and that this court lacks jurisdiction of this cause on appeal.

Appeal dismissed.

Hunter, Mote, Smith, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 680.