BRADBURN *v.* COUNTY DEPARTMENT OF PUBLIC WELFARE OF ST. JOSEPH COUNTY, INDIANA AND STATE DEPARTMENT OF PUBLIC WELFARE OF INDIANA.

[No. 870A137. Filed February 9, 1971. Rehearing denied March 17, 1971. Transfer denied May 18, 1971.]

*Anthony V. Luber,* of South Bend, for appellant.

*Donald Patrick,* of South Bend, *Theodore L. Sendak,* Attorney General, *George M. Curry, Robert S. Hassett,* Deputies Attorney General for appellees.

## ON APPELLEE'S MOTION TO DISMISS

PER CURIAM.—This matter is before us on the motion of the appellee, State Department of Public Welfare, to dismiss the appeal. The motion to dismiss alleges as cause therefor that the record of the proceedings does not contain either a motion to correct errors or an assignment of errors.

It appears from the record herein that this cause was submitted to the trial court as an agreed case and that judgment was entered on May 26, 1970.

The appellant's counsel, in reply to the motion to dismiss, states that because this Court on July 1, 1970, held that a motion for new trial is not appropriate following judgment in an agreed case,[1] he did not file a motion to correct errors. This Court held in *Equitable* that because in an agreed case there is no trial, a motion for new trial serves no purpose, is not appropriate, and therefore the appealing party should have appealed directly to this Court assigning as error the trial court's ruling. The judgment in *Equitable* was entered on June 13, 1969, and this Court's ruling in *Equitable* reflected the law under our former procedure concerning the function of a motion for new trial in an appeal from an agreed case.

---

1. *The Equitable Life Assurance Society of the United States v. Frank* (1970), 147 Ind. App. 335, 259 N. E. 2d 706 (Tr. Den.)

Neither did the appellant file in this Court an assignment of errors as was provided for under our former procedure. Hence, there is no complaint before this Court, and therefore the appellant has failed to invoke the jurisdiction of this Court over this cause.

In the case now before us, the trial court's judgment was entered on May 26, 1970, subsequent to the effective date of the new Indiana Rules of Procedure, and therefore in our consideration of this case, we are bound by the procedural requirements set forth in these rules.

Trial Rule 59(G) provides as follows:

"(G) *Motion to correct error a condition to appeal.* In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution."

Appellate Rule 7.2(A) provides as follows:

"(A) *Definition.* The record of the proceedings shall consist of the following documents:

(1) A certified copy of the motion to correct errors or an assignment of errors.

(a) *In all appeals from a final judgment, a certified copy of the motion to correct errors filed with the trial court shall constitute for all purposes the assignment of errors. No assignment of error other than the motion to correct errors shall be included in the record.*

(b) In all appeals from interlocutory orders, there shall be included instead of the certified copy of the motion to correct errors a specific assignment of the errors alleged." (Our emphasis.)

There is no question but that the judgment being appealed in this case is a final judgment, and not an interlocutory

order, an order appointing or refusing to appoint a receiver, or an order in proceedings supplemental to execution. In reading the above two rules in conjunction, we conclude that in an appeal from any final judgment entered after January 1, 1970, even a final judgment on an agreed case, the appealing party must file in the trial court a motion to correct errors as a condition precedent to an appeal. Under our former procedure, the relief prayed for in a motion for new trial, and, if granted, was just what the name states—a new trial. Thus, where there had been no trial in the first instance, a new trial was not contemplated.

The motion to correct errors, however, is not limited to those instances where there has been a trial, as was the old motion for new trial. Under TR. 59(A) the motion to correct errors can present to the trial court almost any conceivable error and can pray for relief suitable to the alleged error. Under the provisions of TR. 59(E) the trial court is empowered to grant any appropriate relief and is not limited to granting a new trial. We must hold in this case, therefore, that the appellant, in failing to file his motion to correct errors in the trial court and in failing to include a certified copy of that motion in the record of the proceedings as his assignment of errors in this Court, has presented nothing for review.

The certified copy of the motion to correct errors as required by Appellate Rule 7.2(A)(1)(a) takes the place of the assignment of errors under our former procedure. The certified copy of the motion to correct errors is the complaint in the appellate tribunal. The timely filing thereof is necessary to give the appellate tribunal jurisdiction of the appeal, and when, as in this instance, the motion is not filed at all, the appeal must be dismissed because the court has no jurisdiction. *Wiltrout, Indiana Practice,* Vol. 3, § 2381, p. 196; *State ex rel. Spelde* v. *Minker, Trustee, etc.* (1963), 244 Ind. 421, 193 N. E. 2d 365; *Davis et al.* v. *Pelley*

(1951), 230 Ind. 248, 102 N. E. 2d 910; *Stamm* v. *Price, et al.* (1963), 134 Ind. App. 566, 189 N. E. 2d 837.

The appellee's motion to dismiss is sustained and this cause is dismissed.

NOTE.—Reported in 266 N. E. 2d 221.