DANIEL GRAY *v.* STATE OF INDIANA.

[No. 770S163. Filed May 21, 1971. Rehearing denied August 24, 1971.]

*William C. Erbecker, James Manahan, DeWitt, Richards & Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of robbery. After first entering a plea of not guilty, he filed a motion to withdraw his plea of not guilty to the charge of robbery and enter a plea of guilty to the lesser included offense of theft under $100. The State consented. Upon this plea to the lesser included offense the court heard evidence, had a pre-commitment investigation, after which the appellant was sentenced to the Indiana Reformatory for a period of one to five years and fined $500 and costs. The State through its prosecuting attorney recommended a sentence of one year on the State Farm. Following such sentence the appellant filed a verified motion to withdraw his plea of guilty stating that the prosecuting attorney had promised to recommend a sentence of one year on the State Farm on the plea.

The appellant has filed an assignment of errors with this

Court wherein his sole assignment is that the trial court erred in overruling and denying appellant's motion to correct errors. However, a search of the record fails to disclose that any motion to correct errors was ever filed in the trial court by the appellant as required by Indiana Rule of Procedure TR. 59. The appellant has, therefore, failed to preserve any error to present to this Court.

We would further point out the error which appellant attempts to raise, that is that the trial court erred in failing to permit him to withdraw his plea of guilty because the court did not follow the recommendation of the prosecuting attorney, is wholly without merit. The appellant cites *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444, and *East* v. *State* (1929), 89 Ind. App. 701, 168 N. E. 28, to support his position. He points out that in *Mahoney* the Supreme Court denied the relief which appellant seeks here, and that in the *East* case the relief was granted. It is appellant's claim that he comes within the exceptions stated in the *East* case claiming that he was unaware of the situation and was misled by the representations of the prosecuting attorney. It was pointed out in the *East* case that a petition to vacate a judgment rendered upon a plea of guilty is addressed to the sound legal discretion of the trial court. The Court then examined the facts in the *East* case and found that the appellant had filed affidavits stating that he was among strangers and was without an attorney when he had been induced by the prosecuting attorney to enter a plea upon the assurance that the punishment would be a fine with no imprisonment, and that he was ignorant of his legal rights. The prosecuting attorney filed no counter affidavit to this allegation of fact. It is appellant's position, therefore, that since the State filed no counter affidavits in this case, he should come under the rule set out in the *East* case. With this we do not agree. In the case at bar the appellant was represented by counsel throughout the entire proceedings. The record discloses that the prosecuting attorney did in fact make the recommendations

to the trial court in keeping with his promise to appellant and his counsel. The law is well settled as stated in the *Mahoney* case, *supra,* that the court is in no way bound by the recommendations of the prosecuting attorney with regard to the sentence to be imposed. In this case the sentence of the trial court was within the limits set by the statute, a fact which appellant's counsel representing him at that time was bound to know. Counsel had no right to, if he in fact did, rely upon the representations of the prosecuting attorney.

For the reasons, first, that no error is presented in this appeal by appellant's counsel; and second, there is no merit in the attempted contentions of appellant's counsel, the trial court is affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result with opinion.

### CONCURRING OPINION

DEBRULER, J.—I concur with the majority in the resolution of this issue on its merits. I do not, however, agree that appellant's failure to file a Motion to Correct Errors is or should be fatal to this appeal.

Where an appellant has brought a direct appeal from a trial court's overruling of his Verified Petition to Withdraw a Plea of Guilty, this Court has previously reached the merits of such appeals without the appellant having first filed a motion to correct errors. See *Thacker* v. *State* (1970), 254 Ind. 665, 262 N. E. 2d 189; *Allman* v. *State* (1968), Ind., 235 N. E. 2d 56.

In *Dowling, et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801, the appellants had sought a writ of error coram nobis. From an adverse ruling they appealed. Judge Bobbit writing for this Court said:

"The question presented by the petition for the writ might properly and should have been raised by the motion to withdraw their pleas of guilty. *From an adverse ruling on this motion appellants could have appealed."* (Emphasis added.) 233 Ind. at 429.

In the case at bar the appellant presented a verified motion for leave to withdraw plea of guilty and vacate and set aside judgment of conviction. He also filed a memorandum in support of the motion. The State did not respond. The trial court relied on the intrinsic record made at the time the plea was entered in denying said motion. I see no value which would inure from requiring the appellant to re-submit the motion to withdraw and the memorandum is the form of a motion to correct errors before bringing this appeal.

NOTE.—Reported in 269 N. E. 2d 535.