STATE PERSONNEL BD. AND SCHOOL FOR
BLIND *v*. PEARL DIGGS.

[No. 970S212. Filed September 13, 1971.]

*Theodore L. Sendak,* Attorney General, *Walter E. Bravard, Jr.,* Deputy Attorney General, for appellants.

*John F. Watkins, Albert W. Ewbank,* of Indianapolis, for appellee.

PRENTICE, J.—This matter is before us upon the motion of the plaintiff (appellee) entitled "Motion of Appellee for Court to Take Judicial Notice," filed July 30, 1971, directing our attention to our dismissal of *Indiana State Personnel Board, etc.* v. *Mamie T. Wilson,* No. 271S21, 256 Ind. 674, 271 N. E. 2d 448.

Plaintiff hereinbefore filed her motion to dismiss or affirm addressed to numerous deficiencies in the transcript and in Defendant's brief. The deficiencies pointed out related rules designed primarily for the convenience of this Court, and, in lieu of granting said motion, on June 8, 1971, we granted to Appellants leave to withdraw the record of proceedings and to amend.

Thereafter, on July 26, 1971, we entered an order dismissing the appeal in the case of *Indiana State Personnel Board, etc.* v. *Mamie T. Wilson* (*supra*), because of Appellants' failure to file a "Motion to Correct Errors" as required by Trial Rule 59(G).

TR. 59(G) provides as follows:

"Motion to Correct Error a Condition to Appeal. In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. *Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court.* A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution." (Our emphasis)

As said in the *Wilson* case (*supra*):

"Thus, it is the purpose of the rules pertaining to both trial and appellate procedure that the motion to correct errors must be filed in all instances, except for the particular instances provided in TR. 59 (G), so that all matters of which a party complains in any proceedings in the trial court must be first brought to the attention of that court

and opportunity given to said court to correct said alleged errors before an appeal can be taken. This was not done in this case and this Court is without jurisdiction of this attempted appeal."

A review of the transcript in the case before us reveals no motion to correct errors. Accordingly, this attempted appeal is dismissed.

Arterburn, C. J., Givan and Hunter, JJ., concur.

DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—I request that the Court reconsider its position taken in *Indiana State Personnel Board, etc.* v. *Mamie T. Wilson,* Cause No. 271S21, 256 Ind. 674, 271 N. E. 2d 448. Dismissal seems to me to be too severe a step under the circumstances of the *Wilson* case and this case.

On June 30, 1970, when appellant filed its Notice of Intention to Appeal in the trial court, in lieu of a motion to correct erors, it did so in reliance upon the following provisions of the Administrative Adjudication and Court Review Act, I.C. 1971, 4-22-1-19, being Burns § 63-3019:

"No motion for new trial shall be required or permitted prior to taking such appeal to the Supreme Court of Indiana."

At the time appellant filed its Notice of Intention to Appeal in lieu of a motion to correct errors, our new TR. 59G, was in existence, had not been construed by the Court, and read as follows:

"In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. A motion to correct errors shall not be required in the case of appeals from interlocutory orders,

orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution."

Appellant having both these provisions before it decided that their case was not an appropriate one in which a motion to correct errors was required. In making this choice, I believe they acted reasonably. It was reasonable to follow the statutory procedure because the statutory procedure had governed the trial of the case and was specific in its direction, while TR. 59G was very general and ambiguous and did not specifically require a motion to correct errors in appeals under the Administrative Adjudication and Court Review Act. It was reasonable because this Court had not yet interpreted TR. 59G to supercede the provision of the Act quoted above and certainly counsel should not be charged with the obligation of foreseeing the later interpretation given in the *Wilson* case. For the foregoing reasons I do not believe that appellant should suffer dismissal of its attempted appeal.

NOTE.—Reported in 272 N. E. 2d 868.