JOHN E. MIDDLEKAMP ET UX *v.* STATE EXCHANGE FINANCE COMPANY ET AL.

[No. 3-672A22. Filed December 29, 1972.]

*Paul B. Huebner,* of Hammond, *Dale Schwanke,* of DeMotte, for appellants.

*Thomas E. Dumas,* of Rensselaer, *Cope J. Hanley,* of Rensselaer, for appellees.

PER CURIAM—This cause is before the Court on the Appellees' Motion to Dismiss Appeal or Affirm Judgment of the Court Below, Brief in Support thereof, Appellants' Objections to Appellees' Motion, Appellants' Motion for Certiorari, and Appellees' Response to Motion for Certiorari.

The Appellees' Motion to Dismiss or Affirm alleges as cause therefor that no motion to correct errors was ever filed in the trial court, and that the praecipe was filed seventy-four (74) days after judgment. Appellants assert in response to the Motion to Dismiss that "the Appellees' Motion for Dismissal is estopped" by reason of certain agreements in the trial court between counsel and the judge. Appellants do not further enlighten us, either as to the nature of the agreements, or as to how any such agreements could operate to circumvent rules TR. 59(G) and AP. 7.2(A) (1) (a).

Appellees' response to Appellants' Motion for Certiorari contains the affidavit of the trial judge which states, *inter alia*, that there were no agreements between himself and trial counsel to waive the filing of a motion to correct errors, that no motion to correct errors was filed, and no motion to correct errors was actually considered by the trial court.

We have examined the record of the proceedings herein which reveals that this was a cause of action for possession of real estate. After trial, the Court entered judgment on March 24, 1972. The record does not contain a motion to correct errors. The record does contain an assignment of errors directed to this court. The record does not show that the assignment of errors was filed in the trial court.

In the case of *Indiana State Personnel Board et al.* v. *Diggs*, (1971), 257 Ind. 156, 272 N.E.2d 868, our Supreme Court had before it a case in which a motion to dismiss was filed which alleged the appellants' failure to file a motion to correct errors. The Supreme Court, by Justice Prentice, held as follows:

"TR. 59(G) provides as follows:

'Motion to correct error a condition to appeal in all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. *Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial*

*court.* A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution.' (Our emphasis.)

"As said in the *Wilson* case (supra) [271 N.E.2d, 448]

'Thus, it is the purpose of the rules, pertaining to both trial and appellate procedure, that the motion to correct errors must be filed in all instances, except for the particular instances provided in TR. 59(G), so that all matters of which a party complains in any proceedings in the trial court must be first brought to the attention of that court and opportunity given to said court to correct said alleged errors before an appeal can be taken. This was not done in this case and this Court is without jurisdiction of this attempted appeal.'

"A review of the transcript in the case before us reveals no motion to correct errors. Accordingly, this attempted appeal is dismissed."

The disposition of the case now before us must be governed by the above quoted holding of the *Diggs* case. It appearing that this case does not fall within any of the exclusions enumerated in TR. 59(G) in which a motion to correct errors is not required, the appellants should have filed a motion to correct errors directed to the trial court's judgment of March 24, 1972. This was not done, and therefore this Court is without jurisdiction of this attempted appeal.

The Appellees' Motion to Dismiss is sustained, and this cause is dismissed.