JOHN DEHNER, INC. *v.* NORTHERN INDIANA PUBLIC
SERVICE COMPANY.

[No. 3-273A19. Filed June 21, 1973.]

*John H. Krueckeberg, Parry, Krueckeberg & Smith,* of Fort
Wayne, for appellant.

*J. A. Bruggeman, Barrett, Barrett & McNagny,* of Fort
Wayne, for appellee.

PER CURIAM.—This cause is pending before the Court on the
appellee's Motion to Dismiss, which alleges the failure of the
appellant to file a motion to correct errors in the trial court,
and the appellant's response thereto.

This was an action for contribution between joint tort
feasors. The defendant filed a motion to dismiss which the
trial court subsequently granted. The plaintiff-appellant did
not file a motion to correct errors in the trial court. Instead,
it assigned as error in this Court that the trial court erred in
dismissing the plaintiff's complaint and in sustaining the de-
fendant's motion to dismiss.

The appellant argues in opposition to appellee's motion to
dismiss that the motion to correct errors is an approximate
equivalent of the former motion for new trial, that under our
former procedure a motion for new trial was not appropriate
after a judgment of dismissal, and therefore under our present
practice, a motion to correct errors is not appropriate after a
judgment of dismissal.

Both the Supreme Court and this Court have held that in all
cases where a final judgment is being appealed, the timely

filing of a motion to correct errors in the trial court is a condition precedent to appeal.

The case of *Bradburn* v. *County Department of Public Welfare* (1971), 148 Ind. App. 387, 266 N.E.2d 805, was an appeal from a judgment in an agreed case. In the *Bradburn* case, the appellant argued that a motion to correct errors was not appropriate because there had not been a trial. This Court discussed at length Rules TR. 59(G) and AP. 7.2(A), and then stated:

". . . In reading the above two rules in conjunction, we conclude that in an appeal from any final judgment entered after January 1, 1970, even a final judgment on an agreed case, the appealing party must file in the trial court a motion to correct errors as a condition precedent to an appeal. Under our former procedure, the relief prayed for in a motion for new trial, and, if granted, was just what the name states—a new trial. Thus, where there had been no trial in the first instance, a new trial was not contemplated.

"The motion to correct errors, however, is not limited to those instances where there has been a trial, as was the old motion for new trial. Under TR. 59(A) the motion to correct errors can present to the trial court almost any conceivable error and can pray for relief suitable to the alleged error. Under the provisions of TR. 59(E) the trial court is empowered to grant any appropriate relief and is not limited to granting a new trial. We must hold in this case, therefore, that the appellant, in failing to file his motion to correct errors in the trial court and in failing to include a certified copy of that motion in the record of the proceedings as his assignment of errors in this Court, has presented nothing for review.

"The certified copy of the motion to correct errors as required by Appellate Rule 7.2(A)(1)(a) takes the place of the assignment of errors under our former procedure. The certified copy of the motion to correct errors is the complaint in the appellate tribunal. The timely filing thereof is necessary to give the appellate tribunal jurisdiction of the appeal, and when, as in this instance, the motion is not filed at all, the appeal must be dismissed because the court has no jurisdiction. *Wiltrout, Indiana Practice,* Vol. 3, § 2381, p. 196; *State ex rel. Spelde* v. *Minker, Trustee, etc.* (1963), 244 Ind. 421, 193 N.E.2d 365;

*Davis et al.* v. *Pelley* (1951), 230 Ind. 248, 102 N.E.2d 910; *Stamm* v. *Price et al.* (1963), 134 Ind. App. 566, 189 N.E. 2d 837."

The Supreme Court of Indiana denied transfer in the *Bradburn* case, and later quoted at length from it in the case of *Indiana State Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448. In the case of *Indiana State Personnel Board et al.* v. *Diggs* (1971), 257 Ind. 156, 272 N.E.2d 868, the Supreme Court again stated that a motion to correct errors must be filed in all instances, except for the particular instances provided in Rule TR. 59(G), and when this is not done, the reviewing court is without jurisdiction of the appeal.

Therefore, since this case does not fall into any of the exceptions provided by Rule TR. 59(G), and because the appellant did not file a motion to correct errors in the trial court, this court is without jurisdiction of this case. The appellee's motion to dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 297 N.E.2d 481.