EVELYN M. MOORE *v.* CRAWFORD LEE SPANN.
VICTORIA SMITH *v.* WILLIAM D. BOLDEN.

[Nos. 172A38, 172A39. Filed July 18, 1973. Rehearing denied October 25, 1973. Transfer denied March 4, 1974.]

*David F. Shadel,* Legal Services Organization, of Indianapolis, for appellants.

## CASE SUMMARY

BUCHANAN, P.J.—This is an attempted consolidated appeal wherein Petitioners-Appellants Evelyn M. Moore and Victoria Smith seek reversal of denial by the trial court of their Petitions To Proceed As Poor Persons in paternity actions filed by them, but failed to include in the Record a certified copy of the Motion to Correct Errors filed in the trial court.

We dismiss.

## FACTS

The unchallenged facts appear to be:

The Appellants are unmarried women seeking to file paternity complaints in the Marion County Juvenile Court against Spann and Bolden as the alleged fathers of their minor children. The mothers have received no support or financial assistance from the putative fathers, but each has received public welfare in the form of Aid To Dependent Children from the Marion County Department of Public Welfare and contend they are living on a "deficit budget," *i.e.,* the Welfare Department does not pay the full amount of the family's budgeted needs.

Alleging lack of funds to pay the filing fee of $7.00, they filed Motions For Leave To Proceed As Poor Persons.

Following a hearing, these Motions were denied by the Marion County Juvenile Court on December 21, 1971. The Appellants then apparently filed Motions To Correct Errors, which were subsequently denied.

The Record of the Proceedings in each case contains a Statement of Case, a Statement of the Evidence, and a Statement of the Issues relied upon in connection with the appeal and was prepared in accordance with Rule AP. 7.2(A) (3) (c). The Records do not contain certified copies of the Motions To Correct Errors which were filed and denied on February 10, 1972, nor is the substance thereof included. The Statement of Case in each case does reflect that the Motion To Correct Errors filed on February 10, 1972 was denied the same day by an Order reading:

"The Court having considered plaintiff's Motion To Correct Errors hereby DENIES plaintiff's Motion To Correct Errors filed on February 10, 1972."

Neither the Motion To Correct Errors itself nor the substance thereof is set forth in Appellants' Briefs, which rely on a statement of issues without reference to whether these issues were or were not included in the Motion To Correct Errors.

The Records of the Proceedings in these consolidated cases are substantially the same and are treated alike for purposes of this appeal.

Appellants filed a Motion To Proceed As Poor Persons and for waiver of filing fees and court costs in this court; and upon a prima facie showing that Appellants were poor persons this court entered an Order on January 31, 1972 authorizing the Clerk of this court to allow filing and docketing of all proper documents relating to this appeal without the payment of any filing fee.

Although service of all pleadings was made upon the putative fathers and upon the Indiana Attorney General and corporation counsel for the City of Indianapolis, no pleading, brief, or response has been filed in opposition to the relief sought by the Appellants. No oral argument was requested.

## ISSUE

Examination of the Record of the Proceedings compels resolution of this limited issue:

Must this appeal be dismissed because a certified copy of the Motion To Correct Errors was not included as required by Rule AP. 7.2 (A) (1) ?

Because we raise this issue sua sponte, the brief filed by the Appellants, while replete with cogent argument and authorities relating to the merits of their cause, is inapplicable to the discussion that follows.

## DECISION

CONCLUSION—It is our opinion that this appeal must be dismissed because the Appellants failed to include a certified copy of the Motion To Correct Errors in the Record as required by Rule AP. 7.2 (A) (1), 7.2 (A) (1) (a) and Rule TR. 59 (G).

Appellate practice in Indiana prior to the adoption of the Indiana Rules of Trial Procedure effective January 1, 1970 and the Rules of Appellate Procedure effective January 1, 1972 was characterized by a generally recognized fixed procedure familiar to the legal profession for many years.

An appellant filed a motion for a new trial with the trial court after judgment was entered and the appellate process began after the overruling of that motion. The party seeking the appeal was required to include an assignment of errors in the Record indicating each and every error relied on in the appeal.

This was in conformity with the assignment of errors specified by what was then known as Supreme Court Rule 2-6, which, in part, provided:

"RULE 2-6. ASSIGNMENTS OF ERRORS AND CROSS-ERRORS.—There shall be attached to the front of the transcript, immediately following the index, a specific assignment of the errors relied upon by the appellant in which each specification of error shall be complete and separately numbered. . . .
"    . . . .
"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently."

The assignment of errors constituted the appellant's complaint on appeal. *Brown* v. *Harding* (1965), 136 Ind. App. 678, 204 N.E.2d 680; *Stamm* v. *Price* (1963), 134 Ind. App. 566, 189 N.E.2d 837; *Haney* v. *Denny's Estate* (1962), 135 Ind. App. 317, 183 N.E.2d 346; *Indiana Construction Material Co.* v. *Gelopulos* (1961), 131 Ind. App. 494, 172 N.E.2d 72.

Because the assignment of errors was the appellant's complaint on appeal, the inclusion of an assignment of errors in the Record was deemed a jurisdictional act. Therefore, failure to include an assignment of errors in the Record required dismissal of the appeal for lack of jurisdiction, even though a motion for a new trial (the predecessor to the motion to correct errors) had been timely filed with the trial court. *Stamm* v. *Price, supra; Graue* v. *Brown* (1961), 131 Ind. App. 435, 171 N.E.2d 705; *Bolden* v. *State* (1956), 235 Ind. 695, 131 N.E.2d 301; *Davis* v. *Pelley* (1952), 230 Ind. 248, 102 N.E.2d 910; Flanagan, Wiltrout and Hamilton, *Indiana Trial*

*and Appellate Practice,* §§ 2381 and 2382, at 151-152 (West 1952).

Typical of this entrenched practice is *Stamm* v. *Price, supra,* in which the Appellate Court had this to say about failure to include the assignment of errors in the Record:

> "It is the general rule of law that the assignment of errors constitutes the appellant's complaint in this court. Our Supreme Court has stated in substance, it is a requisite to any appeal, and without a proper assignment of errors no jurisdiction is conferred upon the appellate tribunal. See *Graue* v. *Brown* (1961), 131 Ind. App. 435, 171 N.E.2d 705; *Bolden* v. *State* (1956), 235 Ind. 695, 131 N.E.2d 301; *Davis* v. *Pelley* (1952), 230 Ind. 248, 251, 102 N.E.2d 910. See, also, Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, § 2381, and authorities cited therein.
>
> "It appearing from the record that we lack jurisdiction because of the appellant's failure to file his assignment of errors as provided by Rule 2-6, this appeal is dismissed."

There can be no doubt, then, that inclusion of an assignment of errors in the Record was the complaint on appeal and failure to include it in the Record deprive the reviewing court of jurisdiction, notwithstanding the fact that a motion for a new trial was timely filed with the trial court.

This, then, was the state of affairs in Indiana appellate practice with respect to the fundamental requirement of an assignment of errors in the Record when the Trial and Appellate Rules were revised in 1970 and 1972.

At that time substantial changes were wrought by the adoption of the new Rules, but such changes in no way did violence to the principle that an assignment of errors in the Record is a jurisdictional requirement for appellate review.

As Dean Harvey and Professor Townsend comment in Volume 4, *Indiana Practice,* § 59.7, at 133 (West 1971):

> "Rule 59 (G) continues the prior practice found in former Supreme Court Rule 2-6, of requiring the filing of a Motion to Correct Errors as a condition precedent to an appeal."

That the motion to correct errors fills the office of the assignment of errors under our former procedure is made certain by the mandatory language of Rule AP. 7.2 (A) (1) (a), which states:

"(a) In all appeals from a final judgment, *a certified copy of the motion to correct errors* filed with the trial court *shall constitute* for all purposes *the assignment of errors.* No assignment of error other than the motion to correct errors shall be included in the record." (Emphasis supplied.)

Rule AP. 7.2 (A) also provides:

"(A) DEFINITION. The record of the proceedings shall consist of the following documents:

(1) A certified copy of the motion to correct errors or an assignment of errors."

Numerous cases since January 1, 1970 have recited that the timely filing of a motion to correct errors with the trial court is necessary to give an Indiana appellate tribunal jurisdiction of the appeal: *Bradburn* v. *County Department of Public Welfare* (1971), 148 Ind. App. 387, 266 N.E.2d 805; *Indiana State Personnel Board* v. *Diggs* (1971), 257 Ind. 156, 272 N.E.2d 868; *Gray* v. *State* (1971), 256 Ind. 447, 269 N.E.2d 535; *Lashley* v. *Centerville* (1973), 155 Ind. App. 556, 293 N.E.2d 519; *Indiana State Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448..

One of the leading cases is *Bradburn* v. *County Department of Public Welfare, supra,* in which a per curiam opinion of the Appellate Court recognized the time-honored rule that a Motion To Correct Errors or Assignment Of Errors as specified in Rule TR. 59 (G) is vital to invoke our jurisdiction:

"The certified copy of the motion to correct errors as required by Appellate Rule 7.2 (A) (1) (a) takes the place of the assignment of errors under our former procedure. The certified copy of the motion to correct errors is the complaint in the appellate tribunal. The timely filing there-

of is necessary to give the appellate tribunal jurisdiction of the appeal, and when, as in this instance, the motion is not filed at all, the appeal must be dismissed because the court has no jurisdiction. Wiltrout, Indiana Practice, Vol. 3, § 2381, p. 196; State ex rel. Spelde v. Minker, Trustee, etc. (1963), 244 Ind. 421, 193 N.E.2d 365; Davis et al. v. Pelley (1951), 230 Ind. 248, 102 N.E.2d 910; Stamm v. Price et al. (1963), 134 Ind. App. 566, 189 N.E.2d 837."

In a proceeding to review a determination of the State Personnel Board, the Indiana Supreme Court on July 26, 1971 dismissed an appeal because a motion to correct errors had not been filed and cited the *Bradburn* case, decided on May 18, 1971, saying that it "now stands for the general proposition that a motion to correct errors is required and takes the place of the assignment of errors under the former rules of procedure." (*Indiana State Personnel Board* v. *Wilson, supra,* at 450.) To the same effect is *Gray* v. *State* (May 21, 1971), *supra,* wherein Judge Givan said:

"However, a search of the record fails to disclose that any motion to correct errors was ever filed in the trial court by the appellant as required by Indiana Rule of Procedure TR. 59. The appellant has, therefore, failed to preserve any error to present to this Court."

However, a small fly remains in the ointment. While the cases decided since January 1, 1970 support the proposition that in the transition from the old to the new Rules the concept has remained inviolate that in appeals from final judgments inclusion in the Record of an assignment of errors (now in the form of the motion to correct errors) is a jurisdictional requirement, our research reveals no cases in which the appellant filed a timely motion to correct errors and then failed to certify a copy in the Record.[1]

In the case before us, the appellants reached a halfway house in their objective of appellate review, because, from the

---

1. The motion to correct errors need not be separately certified. *State Board of Tax Commissioners* v. *Associated Auto & Truck Rental, Inc.,* (1971), 148 Ind. App. 611, 268 N.E.2d 626.

Record before us, it appears they did in fact file a Motion to Correct Errors, but failed to include that sacred document in the Record.

Even so, we must necessarily conclude from the language of both the Trial and Appellate Rules and the cases construing them that the rationale of requiring inclusion of an assignment of errors in the Record remains unscathed. The motion to correct errors is the complaint on appeal, and without certainty as to the exact errors raised in the trial court intelligent review is frustrated. This is the keystone of the arch of appellate review.

While many of the technicalities of appellate procedure have been eliminated by the adoption of a more streamlined procedure, inclusion of a certified copy of the motion to correct errors in the Record as required by Rule AP. 7.2(A)(1) and 7.2(A)(1)(a) and Rule TR. 59(G), is a principle so fundamental that we must reluctantly dismiss this appeal.

This appeal is therefore dismissed.

Sullivan, J. and White, J., concur.

NOTE.—Reported at 298 N.E.2d 490.

## ON PETITION FOR REHEARING

BUCHANAN, P.J.—CONCLUSION—The Appellant's Petition for Rehearing is denied.

The appeal of the appellants, Moore and Spann, was dismissed due to their failure to include in the record a certified copy of the Motion to Correct Errors as required by Rule 7.2(A)(1) and 7.2(A)(1)(a) of the Indiana Rules of Appellate Procedure—a jurisdictional defect.

## STATEMENT OF PETITIONERS' ARGUMENT

The Petition for Rehearing argues that Rule AP. 7.3 provides for an alternative method of determining what shall

be included in the record and is complete in and of itself and independent and distinct from Rule AP. 7.2.

It is true Rule AP. 7.3 contemplates an abbreviated record on appeal where the parties agree as to what constitutes the record for purposes of appeal and the facts and issues presented. A certain procedure is required to perfect the record under these unusual circumstances.

### GROUNDS FOR DENIAL

The laudable objective of shortening the record where possible by agreement of the parties should not be discouraged. However, neither can Rule AP. 7.3 be construed to eliminate the fundamental requirement of any appeal, i.e., inclusion of a certified copy of the Motion to Correct Errors or an Assignment of Error (as the case may be).

The record in this case does indicate the issues purportedly before the Trial Court, but does not include the Motion to Correct Errors itself. There is only a reference to the Motion to Correct Errors, thereby leaving us mystified as to its contents.

Our appellate practice is not to be confused with Federal rules of appellate procedure[1] which do not require a designation or assignment of errors on appeal.

Indiana appellate practice, now regulated by Appellate Rule 7.2(A)(1) and 7.2(A)(1)(a) and Trial Rule 59(G) on this subject, has traditionally insisted on such a requirement.

Appellant's interpretation of Rule AP. 7.3 is bereft of authority. In effect it reads into the rule specific elimination of the need for a certified copy of the Motion to Correct

---

1. Rule 10D of the Federal Rules of Appellate Procedure contemplates an agreed statement of the record similar, but not identical, to our Rule AP.7.3.

Errors contrary to the universal requirement of Indiana practice which treats the Motion to Correct Errors as the appellant's complaint on appeal, the inclusion of which in the record is deemed a jurisdictional act. *Bradburn* v. *County Department of Public Welfare* (1971), 148 Ind. App. 387, 266 N.E.2d 805; *Indiana State Personnel Board* v. *Diggs* (1971), 257 Ind. 156, 272 N.E.2d 868; *Gray* v. *State* (1971), 256 Ind. 447, 269 N.E.2d 535; *Lashley* v. *Centerville* (1973), 155 Ind. App. 556, 293 N.E.2d 519; *Indiana State Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448.

As indicated in our opinion, the principle of inclusion in the Record of a certified copy of the Motion to Correct Errors (or an assignment of errors) is a jurisdictional requirement for appellate review that has been applied to all classes of cases—administrative, civil and criminal.

The fact that the adverse parties to this action in the trial court and to the appeal, chose not to appear and defend is not fatal to appellant's attempt to bring itself within the provisions of Rule AP. 7.3, but there failure to include in the record a certified copy of the Motion to Correct Errors is fatal. Without certainty as to the exact errors raised in the trial court, intelligent review at the appellate level is frustrated.

So deeply ingrained in our appellate practice is the fundamental concept of an assignment of errors that only an amendment to the Appellate Rules by the Supreme Court could eliminate this requirement. If at some future time modification of this rule is undertaken, the words "Motion to Correct Errors or an Assignment of Errors" might well be inserted in the second sentence of the rule as an item to be included in the statement. Thus, Rule AP. 7.3 and AP. 7.2 would unequivocably state the same requirement.

Meanwhile, it is our opinion that Rule AP. 7.3, 7.2 (A) (1) and 7.2 (A) (1) (a) must be read in pari materia—a conclusion supported by the cases cited above.

Rehearing is therefore denied.

Sullivan and White, JJ., concur.

NOTE.—Reported at 302 N.E.2d 825.