INDIANA STATE PERSONNEL BOARD, ET AL. *v.* MAMIE T. WILSON.

[No. 271S21. Filed July 26, 1971. Rehearing denied September 8, 1971.]

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for Appellant.

*Frank E. Spencer,* of Indianapolis, for Appellee.

PER CURIAM.—This case stems from the lay-off from employment by the Department of Corrections of Mamie T. Wilson, Appellee, a state merit service employee. The Indiana State Personnel Board, having conducted a hearing pursuant to the provisions of the Administrative Adjudication and Court Review Act, Acts of 1947, Chapter 365, ordered that Mamie T. Wilson be reinstated, effective January 1, 1970, to the position of her former employment, and further that she be paid for all of the back wages and benefits which were due her from the last day on the payroll at the Department of Corrections to January 1, 1970,

> "minus any monies which she might have earned during this period of time in other employment which will be substantiated by her Federal Income Tax Return."

On November 4, 1970, after this case had been submitted to the trial court for a review of the said determination by the Indiana State Personnel Board, the Marion Superior Court, Room 5, Honorable Addison Dowling, Judge, entered its special findings of fact and conclusions of law and the following "Judgment".

## JUDGMENT

> "IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT THAT the decision of the Indiana State Personnel Board made on December 11, 1969, in the appeal of

Mamie T. Wilson concerning her lay-off from the Department of Correction, be and the same now herein is ordered vacated and set aside in and to the following extent only: the following provision contained therein, void and of no effect, shall be deleted and set aside, to-wit:

'* * * minus any monies which she might have earned during this period of time in other employment which will be substantiated by her Federal Income Tax Returns.'

and this cause is now herein remanded to the said Indiana State Personnel Board for said limited purpose only, to delete said void provision from its said decision."

On November 12, 1970, the Indiana State Personnel Board (designated as Appellee in the trial court) filed in the trial court "Appellee's Notice of Intention to Appeal to the Supreme Court of Indiana", but there was nothing filed to point out to said Court any alleged error which the Indiana State Personnel Board might have claimed was made in the findings of fact, conclusions of law and judgment by the Marion Superior Court, Room 5.

When this cause was appealed to the Supreme Court, the Indiana State Personnel Board filed with said transcript only an "Assignment of Errors" and "Brief for Appellants-Defendants."

Upon the filing of the "Brief for Appellants-Defendants" and service upon the Attorney for the Appellee, said Appellee filed her "Motion to Dismiss" and supporting Brief based simply upon the proposition that, although the judgment was rendered on November 4, 1970, by the trial court, there was no motion to correct errors filed in said cause to direct the attention of the trial court to any error as alleged by said Appellant; that the time within which such a motion to correct errors could be filed has elapsed; that the jurisdiction of this Court has not been invoked and that the appeal should be dismissed. The Brief of the Indiana State Personnel Board counters upon the claim that this action was pursuant to the Administrative Adjudication and Court Review Act and that said Act, Burns 63-3019 specifies in part that:

"No motion for a new trial shall be required or permitted prior to taking such appeal to the Supreme Court of Indiana."

The Indiana State Personnel Board's Brief then argues that the motion to correct errors serves the same function as the former motion for a new trial and that said statute, also prohibits the filing of a motion to correct errors.

Reference is made to the case of *Bradburn* v. *County Department of Public Welfare* (1971), 266 N. E. 2d 805, wherein the Appellate Court of Indiana, on page 806 of 266 N. E. 2d stated as follows:

"The motion to correct errors, however, is not limited to those instances where there has been a trial, as was the old motion for a new trial. Under TR. 59 (A) the motion to correct errors can present to the trial court almost any conceivable error and can pray for relief suitable to the alleged error. Under the provisions of TR. 59 (E) the trial court is empowered to grant any appropriate relief and is not limited to granting a new trial. We must hold in this case, therefore, that the appellant, in failing to file his motion to correct errors in the trial court and in failing to include a certified copy of that motion in the record of the proceedings as his assignment of errors in this Court, has presented nothing for review.

The certified copy of the motion to correct errors as required by Appellate Rule 7.2 (A) (1) (a) takes the place of the assignment of errors under our former procedure. The certified copy of the motion to correct errors is the complaint in the appellate tribunal. The timely filing thereof is necessary to give the appellate tribunal jurisdiction of the appeal, and when, as in this instance, the motion is not filed at all, the appeal must be dismissed because the court has no jurisdiction. Wiltrout, Indiana Practice, Vol. 3, § 2381, p. 196; State ex rel. Spelde v. Minker, Trustee, etc. (1963), 244 Ind. 421, 193 N. E. 2d 365; Davis et al. v. Pelley (1951), 230 Ind. 248, 102 N. E. 2d 910; Stamm v. Price et al. (1963), 134 Ind. App. 566, 189 N. E. 2d 837."

This Court recently denied a petition to transfer the *Bradburn* case on May 18, 1971, so that said case now stands for the general proposition that a motion to correct is required

and takes the place of the assignment of errors under the former rules of procedure. However, it is urged that the *Bradburn* case did not involve the Administrative Adjudication and Court Review Act, and that the statutory procedure prescribed by said Act should prevail in this case, which allegedly requires no motion for new trial or motion to correct errors and in fact prohibits the filing of such. Said Act, however, is the Acts of 1947, Chapter 365 and the particular section involved, Section 19, Burns 63-3019, was last amended by the Acts of 1957, Chap. 355.

This Court, on July 29, 1969, adopted complete new rules of procedure both for trial and appellate procedure, effective on and after January 1, 1970. In the consideration of such rules, this Court had before it the provisions of the Acts of 1969, Ch. 191, by which the General Assembly purported to adopt the "Indiana Rules of Civil Procedure." This Court, in the adoption of its rules of trial procedure, accepted a part of said Ch. 191 of the Acts of 1969, but in many respects rejected the legislative proposal.

One of the areas in which this Court rejected said legislative proposal was in the scope of applicability. As proposed by the Legislature, there would have been an exception as provided in Rule 81 of Ch. 191, Acts of 1969. The said Rule 81 exception, entitled "Applicability in General", was an attempt to save certain statutory remedies and proceedings and said Rule 81, as proposed by the Legislature, would have specifically provided in subparagraph (f) as follows:

> "(f) Statutes on procedure and practice not superseded. All rules of procedure and practice applicable to trial courts and courts on appeal adopted by statutory enactment and in effect on the date these rules become effective, shall continue in full force and effect, except as otherwise provided by these rules by express provision or by implication from these rules."

This Court, however, did not adopt said Rule 81 as proposed by the Legislature, but instead deleted the same in its entirety

and Rule 81 as adopted by this Court became the rule pertaining to local court rules. Moreover, this Court Order, dated July 29, 1969, adopting its trial and appellate rules expressly states:

"4. The rules appended to this Order shall supersede all procedural statutes in conflict therewith."

TR. 1 of this Court now provides as follows:

"Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana *in all suits* of a civil nature whether cognizable as cases at law, in equity, *or of statutory origin.* They shall be construed to secure the just, speedy and inexpensive determination of every action." (Our emphasis.)

This would indicate this Court's intention that matters of procedure be governed uniformly by its rules, and that any exceptions in accordance with a statutory procedure be expressly provided or recognized by the rules themselves. For example, AP. 3 (B) provides:

"(A) . . .
(B) Time within which the appeal must be submitted. In all appeals and reviews, except those from interlocutory orders, the record of the proceedings must be filed with the clerk of the Supreme and Appellate Courts within ninety (90) days from the date of the judgment or the ruling on the motion to correct errors, whichever is later. In appeals and reviews of interlocutory orders the record of the proceedings shall be filed within thirty (30) days of the ruling. *However, if the statute under which the appeal or review is taken fixes a shorter time, the time fixed by the statute shall prevail.*" (Our emphasis)

TR. 59 pertains to "Motion to Correct Errors" and is applicable to all cases, in that it provides *those in which such a motion* to correct errors *is a requisite* and *those in which* such a requisite *is not required.* Specifically, TR. 59 (G) provides as follows:

"Motion to Correct Error a Condition to Appeal. In all cases in which a motion to correct errors is the appropriate pro-

cedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. *Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court.* A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution." (Our emphasis)

The above sub-section (G) provides the only exclusions when a motion to correct errors shall not be required. Said sub-section also explicitly provides that issues which could be raised by a motion to correct errors *must be so raised in order to be considered upon appeal.*

Moreover, AP. 7.2 (A) (1) "Record of the Proceedings", provides as follows:

"A. Definition. The record of proceedings shall consist of the following documents:

(1) A certified copy of the motion to correct errors or an assignment of errors.

(a) In all appeals from a final judgment, a certified copy of the motion to correct errors filed with the trial court shall constitute for all purposes the assignment of errors. No assignment of error other than the motion to correct errors shall be included in the record.

(b) In all appeals from interlocutory orders, there shall be included instead of the certified copy of the motion to correct errors a specific assignment of the errors alleged."

Thus, it is the purpose of the rules, pertaining to both trial and appellate procedure, that the motion to correct errors must be filed in all instances, except for the particular instances provided in TR. 59 (G), so that all matters of which a party complains in any proceedings in the trial court must be first brought to the attention of that court and opportunity given to said court to correct said alleged errors before an appeal can be taken. This was not done in this case and this Court is without jurisdiction of this attempted appeal.

It is, therefore, the opinion of this Court that the Appellee's "Motion to Dismiss" be sustained because a motion to correct errors was not filed with the trial court and said case does not fall within any of the exceptions provided by TR. 59 (G).

Appellee's Motion to Dismiss is sustained and this attempted appeal is dismissed.

DeBruler, J., dissents.

NOTE.—Reported in 271 N. E. 2d 448.