JAMES H. DAVIS *v.* GLADYS M. DAVIS.

[No. 2-1172-A-115. Filed May 10, 1973.]

*George A. Cottrell, Carrol & Cottrell,* of Indianapolis, *John P. Price, Bingham, Summers Welsh & Spilman,* of Indianapolis, for appellant.

*Robert A. Claycombe, Kothe, Shotwell, Claycombe, Hendrickson & Kortepeter,* of Indianapolis, for appellee.

ON APPELLEE'S MOTION TO DISMISS OR AFFIRM

PER CURIAM—This cause is pending before the Court on the Appellee's Motion to Dismiss or Affirm, Brief in Support thereof, and Appellant's Memorandum in Opposition to appellee's said Motion.

It appears from the record herein that after the trial court entered its judgment granting the defendant-appellee-wife a divorce on her amended counter claim for divorce, the appellee-wife filed a motion to correct errors. The trial court subsequently granted appellee's motion to correct errors and entered its second amended judgment which further adjusted the division of property previously ordered by the court. The appellant-plaintiff-husband timely filed his praecipe and is appealing the trial court's granting of defendant-wife's motion to correct errors.

The appellee's Motion to Dismiss or Affirm and Brief in Support thereof allege that this Court has no jurisdiction because appellant-husband did not file a second motion to correct errors after the trial court granted the defendant-wife's motion.

Thus, the problem presented is whether the party adversely affected by the trial court's granting of a motion to correct errors must, as a condition precedent to appealing that ruling,

file another motion to correct errors, alleging as error the trial court's sustaining of the prior motion to correct errors. We think not, and so hold.

. Appellee argues that the first amendment of judgment was a final judgment to which appellee filed her motion to correct errors. In response to appellee's motion, the trial court entered a second amendment of judgment, and to perfect an appeal from the second judgment, a second motion to correct errors should have been filed directed to the second judgment.

Appellant argues that he may appeal from the granting of the wife's motion without filing a second motion and he directs our attention to Rule AP. 4(A), which reads in part as follows:

> "A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom."

In seeking to understand the intent of the rules, we will follow the same process as in construing statutes, that is, we will ascribe to the words used, their plain and ordinary meaning. In our opinion, the rule clearly authorizes an appeal to be taken from *either* the granting or denying of the motion to correct errors.

If the Supreme Court had intended a different procedure, it could have provided that an appeal could be taken only from the denial of the motion to correct errors. If such a rule had been adopted, then the argument that appellee presents herein would be valid. Assuming, *arguendo*, the Supreme Court had adopted a rule permitting appeals only from the denial of a motion to correct errors, then in this case, after the court granted the appellee's motion to correct errors, the appellant would have been required to have filed a second motion to correct errors, alleging as error the trial court's granting of the appellee's prior motion, and he would not be permitted to appeal unless and until the trial court denied his motion. As a further extension of this illustration, if the trial court granted the second filed motion to correct errors, then, under

appellee's argument, the appellee-wife would have to file the third motion to correct errors before she could appeal the granting of the second motion. Given a difficult or complicated question, or a vacillating trial judge, it is conceivable that the parties could see-saw indefinitely on their motions to correct errors and never progress from the trial court to an appellate level court.

We cannot believe the Supreme Court would have intended such an impractical procedure. Rather, we believe that the Supreme Court, by adopting the rule it did, providing for an appeal to be taken from either the granting or denying of the motion to correct errors, has acted to prevent such a problem from occurring.

One of the primary goals of the system of justice is a speedy determination of the litigants' rights. We think the Supreme Court intended that a trial court should be given an opportunity to correct its errors, if any. However, once the court has been given that opportunity, the party aggrieved by the court's ruling should have the immediate right to appeal the court's ruling. We believe the intent of the Supreme Court as expressed in Rule AP. 4(A) is just what the rule plainly says, and that the logical extension of that construction is that a subsequent motion to correct errors is not required to appeal from the granting of the opposing party's motion to correct errors.

We further note that Rule AP. 2(A), which states that an appeal is initiated by the filing of a praecipe, requires the praecipe to be filed within thirty (30) days after the court's *ruling on* the motion to correct errors. The use of the words "ruling on" instead of "denying" or "overruling of," further indicates to us that the Supreme Court intended that an appeal could be taken immediately from the trial court's ruling on the motion to correct errors, whether that ruling was a granting, denying, or a combination of the two, and that one aggrieved by the ruling did not have to file any subsequent mo-

tion and obtain a denial of his subsequent motion before he could proceed to appeal.

The appellee's motion to dismiss further complains that appellant's brief is defective because the statement of facts relevant to the issues presented for review is so inadequate that the brief presents nothing for review. We fail to understand this contention, because we have examined appellant's brief, and we find that it adequately and succinctly presents the error appellant urges on appeal.

For all of the above and foregoing reasons, the appellee's motion to dismiss is overruled.

NOTE.—Reported at 295 N.E.2d 837.