STATE OF INDIANA *v.* MARIE DEPREZ ET AL.

[No. 471S109 (Pertaining to Nos. 471S109-471S118 inclusive.) Filed May 21, 1973. Rehearing denied August 20, 1973.]

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Deputy Attorney General, for appellant.

*Brunner, Brown & Brunner, Good & Good*, of Shelbyville, *Kunz & Kunz*, of Indianapolis, for appellees.

## ON MOTION TO DISMISS

ARTERBURN, C.J.—These causes were consolidated in this Court upon petition of the Appellant and its representation that the factual situation as to the record is substantially the same in each cause, that the questions of law to be presented for review are similar or identical and that it would be more convenient to deal with these causes as a single matter. At no point in either the Brief of Appellant or in its Brief in Opposition to Motion to Dismiss or Affirm is there any allegation that the facts are sufficiently different so as to warrant a separate treatment of any of the cases consolidated herein. Thus, this opinion shall apply to all of the cases herein consolidated.

Appellant commenced the action for condemnation against the Appellees separately on or about April 13, 1959, and the Shelby Circuit Court appointed appraisers on or about July 16, 1959. The appraisers' award was returned and paid into court by the State. The State filed its exceptions to appraisers' report on July 29, 1959 and thereafter the award was withdrawn by the landowners.

From 1959 until July of 1968, a period of approximately nine (9) years, there was no action of any kind made a matter of record in these cases. On July 13, 1968, a trial date was fixed; said trial date was reset for December 23, 1968

and that trial date was passed apparently without any action or appearance of any kind by the State with reference to such trial. The only local counsel to appear for the State withdrew his appearance on November 13, 1969. No other appearance was made and no action taken until October 15, 1970, at which time the landowners filed in the trial court their verified motion to dismiss under TR. 41-E. That rule provides:

"(E) *Failure to prosecute civil actions or comply with rules.* Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

The trial court then issued a rule to show cause against the State, returnable October 28, 1970 at which time a hearing was held and that court entered a simple judgment of dismissal on November 4, 1970.

On January 4, 1971 (a Monday and the sixty-first day after the entry of dismissal) the State filed its Motion to Correct Errors.

Thereafter on February 3, 1971, the Shelby Circuit Court entered Special Finding of Fact, Conclusions of Law and Judgment as follows:

## "SPECIAL FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

Come now the parties, by counsel, and defendants having heretofore filed their motion to dismiss plaintiffs complaint, pursuant to Rule TR. 41-E of Indiana Rules of Procedure, and plaintiff, by counsel, pursuant to notice, enters its appearance and files its objections to the granting of said mo-

tion, which motion and objections thereto read in the words and figures as follows, to-wit:

(H.I.)

And said cause being at issue upon said pleadings, the Court heard evidence and entered judgment dismissing said cause of action and thereafter and on the 4th day of January, 1971, plaintiff filed its motion to correct errors herein.

The Court, having heard argument upon said motion to correct errors, now alters and amends said judgment by making and filing herein its special findings of facts and now states its conclusion of law thereon, all as provided for in Rules TR. 52 (B) and TR. 59 (E) as follows, to-wit:

The Court finds specially, that:

1. The above plaintiff, State of Indiana, has failed to show cause why said action should not be dismissed as prayed for in defendants' motion.

2. This cause was placed at issued (sic) by the State of Indiana on the 14th judicial day of the January term, 1959, of said Court, at the time the plaintiff filed its Exceptions to the Appraisers' Report.

3. That since November 13, 1969, there has been no local counsel appearing for plaintiff.

4. That this Court set the trial of this cause each and every time a setting was requested by plaintiff.

5. That at no time did the State of Indiana appear at the time, or times, when the cause was set for trial, ready to try the same.

6. That at no time did the defendants or any of them request a continuance of such action from the date set for trial.

7. That the Shelby Circuit Court, during the time this case has been pending, has tried many road condemnation cases wherein the State of Indiana was plaintiff and that the Court calendar was such that this case could have been tried had request been made by plaintiff.

8. That upon the filing of the complaint herein, the Court promptly and without delay permitted the case to take precedence over other cases pending in that he immediately appointed appraisers, instructed them, received their appraisements and accepted for filing the plaintiff's Exceptions thereto.

9. That the Shelby Circuit Court provided adequate rules and procedure for placing of actions upon the trial calendar.

10. That plaintiff did not request trial by jury within the time permitted by law.

11. That the judgment of this Court upon the Motion to Dismiss is not a judgment for damages.

12. The issues formed in this case were formed by the filing of plaintiff's complaint; and defendant, Ralph Williams, petition to intervene as defendant; and plaintiff's Exceptions to the Court-Appointed Appraisers' Report, and therefore plaintiff was the moving party with the burden of going forward with the prosecution of this action.

13. There has been no pleading of defendants pending which formed any issue to be trial since on or about the 32nd judicial day of January 1959, of said Court, when the award of the Court-Appointed Appraisers was withdrawn under Order of Court.

14. That the judge who heard said Motion to Dismiss and rendered the decision thereon, has now been succeeded by the duly elected and qualified Judge of the Shelby Circuit Court on January 1, 1971, and that the Judge hearing plaintiff's Motion to Correct Errors has no authority to assign said cause of action for trial.

15. That defendants nor either of them have done anything to impede or avoid the trial of said cause during the eleven (11) years since the filing of the Exceptions to the Appraisers' Report by plaintiff.

16. That conditions and circumstances surrounding the appropriated property have changed substantially since the time of the appropriation which would be prejudicial to the defendants to now try said cause of action.

17. That the Judge of the Shelby Circuit Court did not fail or neglect to comply with TR. 40(A) which became effective January 1, 1970.

18. That the facts stated in Specification 1, 2, 5, 6 under Assignment 1, and the facts stated in Specification 1, 2, 3 under Assignment 2 of State's Motion to Correct Errors, which do not appear of record, are not supported by affidavits as required by Rule TR. 59(D) and, therefore, cannot be considered.

## CONCLUSIONS OF LAW

1. The law is with the defendants.

2. The issues to be tried in this case were formed by the filing of plaintiff's Exceptions to the Court Appointed Appraisers' Report. Defendant had no pleading pending forming any issue, the burden of going forward with the trial of the action was upon plaintiff.

S/Harold G. Barger

TRIAL JUDGE, Shelby Circuit Court

And the plaintiff excepts to each conclusion of law separately and severally.

And the Court now overrules plaintiff's Motion to Correct Errors and renders the following judgment, to-wit:

Come now the parties, by counsel, and the Court having stated and filed in this case its special findings of facts and stated its conclusions of law thereon, the Court now renders judgment thereon accordingly:

The defendants, by counsel, having heretofore, and on the 15th day of October, 1970, filed their verified motion to dismiss the above entitled cause of action for want of prosecution, under Indiana Rules of Procedure, TR. 41-E, a copy of which petition reads in the words and figures as follows, to-wit:

(H.I.)

And the Court having heretofore issued against plaintiff an order to show cause why this action should not be dismissed

for want of prosecution, as alleged in defendants' motion and having fixed therein the 28th day of October, 1970, at 9:00 o'clock A.M., as the time when said plaintiff could be heard thereon.

The defendants now file herein proof that a copy of said motion together with a copy of said order was served on the Attorney General of the State of Indiana, by certified mail, return receipt requested, more than ten (10) days before the date of said hearing, which proof of such service is approved by the Court.

And comes now the plaintiff herein, by Theodore L. Sendak, by and through Robert J. Wade, Deputy Attorney General, and files its Motion To Overrule Defendants' Verified Motion To Dismiss and Motion For Assignment For Trial Date, which motion reads in the words and figures as follows, to-wit:

### (H.I.)

And this matter being before the Court on defendants' motion to dismiss, the order to show cause and proof of service, and plaintiff's return thereto, and the personal appearance of Theodore L. Sendak, Attorney General of the State of Indiana, by and through Robert J. Wade, Deputy Attorney General, the same is now submitted to the Court for trial finding and judgment, without the intervention of a jury.

And the Court having seen and examined said petition, plaintiff's return thereto, and said proof of service, and the Court having heard evidence of witnesses produced by the State of Indiana, and after both the plaintiff and defendants rested, and the Court having been fully advised in the premises, the Court now finds that the plaintiff has failed to comply with this Court's order to show sufficient cause why said action should not be dismissed at plaintiff's costs, for failure to prosecute said action as provided for in Rule TR. 41-E.

IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED that the above entitled cause of action be and the same is hereby dismissed with prejudice, at plaintiff's costs.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that said action is dismissed with prejudice and is an adjudication upon the merits of said cause.

ALL OF WHICH IS HEREBY ORDERED, ADJUDGED AND DECREED by the Court this 3rd day February, 1971.

S/Harold G. Barger

TRIAL JUDGE, Shelby Circuit Court"

From this February 3, 1971, final entry, there was no motion to correct errors ever filed. This constitutes one of the grounds upon which Appellees' Motion to Dismiss or Affirm is based in this Court. On the other hand, the State counters with the contention that the entry of February 3, 1971 was substantially no different from the entry of November 4, 1970, as to which a Motion to Correct Errors was directed and overruled.

First, there is the question in this instance of what constituted the final judgment referred to in Rule AP. 4. While the net effect of the November 4, 1970, entry was dismissal with prejudice, and would have been final, had it not been for the Motion to Correct Errors filed on January 4, 1971, if the trial court had simply either granted or denied that Motion to Correct Errors such step would have constituted the final judgment from which this appeal could have been taken without further ado. Rule AP. 4.

However, because of the insufficiency of the November 4, 1970 entry in the light of the attack made upon it by the State's Motion to Correct Errors, the trial court entered a completely new entry of February 3, 1971, pursuant to Rule TR. 52(B), constituting new findings of fact and a new judgment as authorized further by Rule TR. 59(E). This new entry for the first time set forth the reasons in fact and in law upon which the trial court's dismissal was based. If they were in error, then a Motion to Correct Errors was

clearly necessary. Thus, the February 3, 1971 entry became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP. 4, should have been filed.

Second, there having been no Motion to Correct Errors directed to the February 3, 1971 entry, that entry has become the entry from which no appeal has been taken. *Indiana State Personnel Board* v. *Mamie T. Wilson* (1971), 271 N. E. 2d 448.

There are other grounds asserted by appellees for dismissal, but this Court deems it unnecessary to discuss them. From the long history of delay in this litigation, it is abundantly clear that the controversy herein must come to an end sometime. We feel that that time came long ago.

The appellees' Motion to Dismiss or Affirm Judgments Below in Consolidated Cases is granted and the attempted appeals embraced in this consolidated cause are hereby dismissed.

All Justices concur.

NOTE.—Reported in 296 N. E. 2d 120.

## ON REHEARING

ARTERBURN, C.J.—The State of Indiana filed exceptions to appraisers' report in a condemnation action for highway purposes. After some delays, the trial court dismissed the proceedings on the exceptions to the appraisers' report from which the state appealed. On the 21st day of May, 1973, we sustained a motion to dismiss the appeal by the State, *See* 296 N. E. 2d 120. The State has now filed a Petition to Modify Ruling dismissing the appeal with our court claiming that it leaves the state without title to the land condemned.

We find the state has paid to the Clerk of the Court the amount of damages assessed and that has been paid to the landowners. In accordance with the statute the interest and title condemned would pass to the state. The appellees' Response to Appellant's Petition to Modify Ruling herein states that they "disclaim any right, title or interest in or to the interest so condemned by the State of Indiana" to the land and

real estate in question. We find that the State does hold the interest sought to be condemned in the real estate; accordingly, the petition to modify ruling is denied.

NOTE.—Reported in 300 N. E. 2d 341.