JAMES H. DAVIS *v.* GLADYS M. DAVIS.

[No. 2-1172A115. Filed January 31, 1974. Rehearing denied March 7, 1974. Transfer denied May 23, 1974.]

*John P. Price, Bingham, Summers, Welsh & Spilman,* of Indianapolis, *Thomas J. Carroll, George A. Cottrell, Carroll & Cottrell,* of Indianapolis, for appellant.

*Robert A. Claycombe, Steven G. Cracraft, Kothe, Shotwell, Claycombe, Hendrickson & Kortepeter,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Plaintiff-Appellant James Davis (James) attempts to appeal from an amended judgment in a divorce action adjusting the previously decreed property rights of the parties favorably to Defendant-Appellee Gladys Davis (Gladys) without having first filed a motion to correct errors to the amended judgment.

We dismiss the appeal.

## CASE HISTORY

On March 23, 1973, Gladys filed in this court a Motion to Dismiss or Affirm this appeal on the ground that James had failed to file a motion to correct errors following entry of final judgment by the trial court (being the court's Second Amended Judgment). By a Per Curiam opinion handed down May 10, 1973, we improvidently overruled Gladys's Motion. *Davis* v. *Davis* (1973), 156 Ind. App. 176, 295 N.E.2d 837.

## FACTS

The facts and evidence most favorable to the judgment of the trial court are:

On April 20, 1971, James filed a Complaint for Divorce against Gladys and she responded with an Answer and Counterclaim for Separation from Bed and Board, later amended to seek absolute divorce.

The court tried the matter on December 22, 1971. On January 21, 1972, a Decree was entered granting a divorce to Gladys and ordering distribution of certain property and sale of the family residence (real estate) owned by the parties as tenants by the entireties, with the net proceeds of the sale to be divided equally between them.

On March 13, 1972, Gladys filed a Motion to Correct Errors alleging that the trial court in determining the distribution of property had neglected to consider certain pension rights belonging to James having an approximate value of $100,000.

The trial court granted Gladys's Motion to Correct Errors and entered an amended judgment recognizing that the pension rights had not been taken into consideration and awarding her sole ownership of the real estate, which increased the property received by her by approximately $5,500.

James at no time filed a motion to correct errors on his own behalf, but instead directly filed this appeal questioning the propriety of the amended judgment.

## ISSUE

James raises issues as to evidence improperly considered by the trial court and abuse of discretion in awarding the real estate to Gladys in the amended judgment. However, for reasons which will hereinafter appear, this appeal must be disposed of by reconsideration of our action in overruling Gladys's Motion to Dismiss or Affirm. The issue, then, is:

Must an appeal be dismissed if the Appellant (James) fails to file a timely motion to correct errors following entry of an amended judgment from which the appeal is taken?

In her Motion to Dismiss or Affirm, Gladys contended that the amended judgment entered by the trial court in response to *her* Motion to Correct Errors constituted a new final judgment requiring James, under Rule TR. 59(G), to file his own motion to correct errors with the trial court as a condition precedent to taking this appeal.

In response, James argued that under Appellate Rule 4(A) he was free to appeal from the granting of Gladys's Motion without filing a subsequent motion of his own following entry of the amended judgment.

## DECISION

CONCLUSION—It is our opinion that this appeal must be dismissed because James failed to file a motion to correct errors following entry of the amended judgment (a final judgment) as required by Rule AP. 4(A). To the extent that our prior Per Curiam decision in *Davis* v. *Davis* (1973), 156 Ind. App. 176, 295 N.E.2d 837, conflicts herewith, it is overruled.

The perplexing issue presented by this appeal is rooted in an apparent conflict between Rule TR. 59, which requires as a condition precedent to appeal the filing of a motion to correct errors which "shall separately specify" the errors and issues raised on appeal, and Rule AP. 4(A), which arguably dispenses with this requirement as to a party aggrieved by the granting of his opponent's motion to correct errors. This latter argument under Rule AP. 4(A) is founded upon one sentence in the Rule which reads:

> "A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom."

In our previous Per Curiam decision, we mistakenly fixed our attention solely upon the simple granting or denying

of a motion to correct errors as a final judgment without regard to the existence of an amended judgment *following* the granting of Gladys's Motion to Correct Errors. Emphasizing the need for speedy determination of appeals, we said:

> "One of the primary goals of the system of justice is a speedy determination of the litigants' rights. We think the Supreme Court intended that a trial court should be given an opportunity to correct its errors, if any. However, once the court has been given that opportunity, the party aggrieved by the court's ruling should have the immediate right to appeal the court's ruling. We believe the intent of the Supreme Court as expressed in Rule AP. 4(A) is just what the rule plainly says, and that the logical extension of that construction is that *a subsequent motion to correct errors is not required to appeal from the granting of the opposing party's motion to correct errors.*" (Emphasis supplied.) *Davis* v. *Davis, supra* at 839.

Eleven days after we uttered those fateful words, a unanimous Supreme Court decided *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, which under similar circumstances focused its attention on the crucial fact that an amended judgment became a final judgment and therefore required a motion to correct errors to be filed addressed to the errors in such new final judgment.

The facts in *Deprez* were that the State as Appellant filed a Motion to Correct Errors following the trial court's dismissal of its condemnation action by simple judgment entry. In response to the State's Motion, the trial court thereafter denied the Motion to Correct Errors and, in addition, amended its judgment of dismissal by making and filing certain Special Findings of Fact and Conclusions of Law in accordance with Rules TR. 52(B) and TR. 59(E). The State then appealed to the Supreme Court without having first filed a second motion to correct errors directed to the amended judgment entry. Because of this fatal omission *the appeal was dismissed.* Chief Justice Arterburn analyzed the problem:

> "First, there is the question in this instance of what constituted the final judgment referred to in Rule AP. 4. The net effect of the . . . [first] entry was dismissal with

prejudice, and would have been final, had it not been for the Motion to Correct Errors filed. . . . If the trial court had simply either granted or denied that Motion to Correct Errors such step would have constituted the final judgment from which this appeal could have been taken without further ado. Rule AP. 4.

"However, . . . the trial court entered a completely new entry . . . constituting new findings of fact and a new judgment as authorized further by Rule TR. 59(E). This new entry for the first time set forth the reasons in fact and in law upon which the trial court's dismissal was based. *If they were in error, then a Motion to Correct Errors was clearly necessary. Thus, the . . . [new] entry became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP. 4, should have been filed.*

"Second, there having been no Motion to Correct Errors directed to the . . . [new] entry, *that entry has become the entry from which no appeal has been taken.* Indiana State Personnel Board v. Wilson, 271 N.E.2d 448 [256] Ind. [674] 1971)." (Emphasis supplied.) *State* v. *Deprez, supra* at 124.

Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if a trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amendments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken.[1] With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged errors in the appeal process. The first sentence of Rule AP. 4(A) referring to appeals "from *all* final judgments," as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment, is thus given force and effect.

Comparing *Deprez* with this case, it is plain that the initial decree was followed by more than a simple granting or denial

1. We construe *Deprez* to imply that this additional motion to correct errors serves as the basis for computing the time intervals within which to initiate and submit an appeal. See Rules AP. 2(A) and AP. 3(B).

of a motion to correct errors. In granting Gladys's Motion, the trial court entered additional findings and amended its judgment resulting in a substantial adjustment of the property rights of the parties. This amended judgment "became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP. 4, should have been filed." *State* v. *Deprez, supra* at 124.

Furthermore, unlike *Deprez,* James as Appellant never filed a motion to correct errors to either the initial or the amended judgment. So the court could not be made aware of the alleged errors asserted on appeal. The trial court was never afforded the opportunity to correct these alleged errors associated with its amendment of the prior judgment. It is this opportunity to correct error which is the paramount purpose underlying the requirement of filing a motion to correct errors in the trial court. *Indiana State Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448; *Moore* v. *Spann* (1973), 156 Ind. App. 33, 298 N.E.2d 490 (*rehearing denied,* 302 N.E.2d 825).

The motion to correct errors is a sacred document; it is "the keystone of the arch of appellate review." *Moore* v. *Spann, supra. Bradburn* v. *County Dept. of Public Welfare* (1971), 148 Ind. App. 387, 266 N.E.2d 805; *Indiana State Personnel Board* v. *Diggs* (1971), 257 Ind. 156, 272 N.E.2d 868; *Gray* v. *State* (1971), 256 Ind. 447, 269 N.E.2d 535; *Lashley* v. *Centerville* (1973), 155 Ind. App. 556, 293 N.E.2d 519; *Indiana State Personnel Board* v. *Wilson, supra.*

*Deprez* is a foreseeable extension of the principle that a motion to correct errors must be filed to any final judgment, including an amended one. *Indiana State Personnel Board* v. *Wilson, supra; Moore* v. *Spann, supra;* and *Bradburn* v. *County Dept. of Public Welfare, supra,* in which latter case we said:

> ". . . in an appeal from *any final judgment* . . . *the appealing party* must file in the trial court a motion to correct errors as a condition precedent to an appeal." (Emphasis supplied.) 266 N.E.2d at 806.

Because "there is confusion as to the proper method of taking an appeal from the granting of a Motion to Correct Errors," James asserts that if we consider the *Deprez* case binding precedent, we should not give retroactive effect to our decision by dismissing this appeal. The appeal was dismissed in *Deprez*.

Harsh or not, we are obliged to do so because James as the Appellant is in an even weaker position than the Appellant-State in *Deprez*. For us to do otherwise than follow the lead of the judges of the state's highest tribunal would put us in the unhappy position of attempting to trump their ace.

Accordingly, the Appellee's (Gladys) Petition for Rehearing filed May 22, 1973 is overruled and this appeal is dismissed.

White, J., concurs; Sullivan, P.J., concurs with separate opinion.

### CONCURRING OPINION

SULLIVAN, P.J.—Prior to the Supreme Court's decision on May 21, 1973 in *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, this court gave detailed consideration to the contentions herein treated and determined that an additional Motion to Correct Error was not required. Such fact compels me to the conclusion that the practicing members of the bar could have reasonably, rationally and justifiably concluded likewise.

To dismiss appeals in which the time for filing the requisite Motion to Correct Error expired prior to *State* v. *Deprez, supra,* is to hold members of the bar to a far greater degree of foresight and wisdom, if not clairvoyance, than my colleagues and myself exhibited in denying appellee's Motion to Dismiss on May 10, 1973. Many appellate horses may have escaped without their owners having a reasonable opportunity to lock the barn door.

However, now that the Rules have been construed and applied by our Supreme Court in a definitive and retrospective

decision, aggrieved parties must be held to that procedural requirement even in cases in which such requirement could not have been reasonably anticipated.

We are bound not only by the holding of *Deprez* but as well by its retrospective application. I must therefore concur in the decision of the majority to dismiss this appeal. Such concurrence however, is given with the view that the dismissal is without prejudice to the right of plaintiff-appellant James Davis to petition for leave to perfect a belated appeal. *See* concurring opinion in *Means* v. *Seif Material Handling Co.* (1973), 157 Ind. App. 492, 300 N.E.2d 895 at 897.

NOTE.—Reported at 306 N.E.2d 377.