LESLIE L. WYSS, B/N/F LINCOLN NATIONAL BANK & TRUST CO. OF FORT WAYNE, BONNIE (WYSS) WHITE, AND EILEEN (WYSS) KRYDER *v.* EUGENE W. WYSS, RICHARD W. WYSS, AND DONALD A. WYSS, PERSONALLY AND AS CO-EXECUTORS OF THE ESTATE OF LOUISE J. WYSS, DECEASED, MARJORIE (WYSS) BORNE AND SHIRLEY (WYSS) LOSHE.

[No. 2-174A30. Filed June 3, 1974. Rehearing denied July 3, 1974. Transfer denied, October 3, 1974.]

*Robert L. Thompson, Hoffman, Moppert, Solomon, Miller & Thompson,* of Fort Wayne, *Stephen D. Long, Kennerk, Dumas, Burke & Backs,* of Fort Wayne, for appellants.

*Arthur W. Fruechtenicht, Arthur H. Fruechtenicht, Fruechtenicht Law Office,* of Fort Wayne, *Robert J. Parrish, Jackson, Parrish, Eggers & Larson,* of Fort Wayne, for appellees.

PER CURIAM—This cause is pending before the Court on the appellees' Motion to Dismiss or Affirm which alleges, *inter alia,* that no questions are presented for review because following the decision by the trial court on October 26, 1973, which constituted new findings and judgment, appellants failed to file a motion to correct errors addressed to such decision.

This cause began in the trial court with the plaintiffs-appellants filing a complaint against the defendants-appellees in two pleading paragraphs. The first sought to set aside the probated will of the decedent Louise J. Wyss and to resist the probation of a second will of the decedent. The second paragraph of complaint alleged an enforceable promise by the decedent to divide her estate equally among her heirs, and that she failed to do so. After a number of preliminary motions, an amended complaint, a change of venue and discovery proceedings, the defendants filed a motion for summary judgment, and later a motion to dismiss and strike addressed to the second pleading paragraph of the complaint.

The trial court sustained the defendants' motion to dismiss and strike the second pleading paragraph of the complaint, sustained the defendants' motion for summary judgment and entered judgment for the defendants. Because of the ques-

tion raised by the appellees' Motion to Dismiss or Affirm, it is necessary to set out the trial court's finding and judgment on the motion for summary judgment, and also to set out hereinafter the trial court's findings of fact and ruling on the motion to correct errors.

The judgment of the trial court, omitting formal parts, reads as follows:

### "SUMMARY JUDGMENT

"Comes now the plaintiffs by their counsel, Kennerk, Dumas, Burk & Backs by Stephen D. Long, and Hoffman, Moppert, Solomon & Miller by Robert L. Thompson, Jr., and comes also the defendants by their counsel, Arthur W. Fruechtenicht and Arthur H. Fruechtenicht, and Jackson, Parrish & Larson by Robert J. Parrish, and the defendants' motion for a summary judgment having been heretofore submitted to this Court for hearing and determination on July 25, 1973, and the Court having seen and inspected said defendants' motion for summary judgment, the defendants' brief in support of motion for summary judgment, the plaintiffs' brief in response to defendants' motion for summary judgment, and the defendants' reply brief, having heard argument of counsel, and being sufficiently advised in the premises, now finds that Burns Indiana Statutes 7-117, being Indiana Code 1971 Section 29-1-7-17 requires that in an action to contest a will, that the allegations be in writing and verified by affidavit.

"The Court further finds that the affidavit to plaintiffs' amended complaint is as follows, to wit: 'State of Indiana, County of Allen SS: The undersigned Eileen (Wyss) Kryder, being duly sworn deposes and says that she is one of the plaintiffs in the above entitled cause of action; that she has read the foregoing complaint and that the facts as set forth therein are true and correct to the best of her knowledge and belief.'

"The Court further finds that a proceedings to contest the validity of a will is a strictly statutory proceeding and that the terms of such statute must be strictly construed.

"The Court further finds that a motion for summary judgment is the proper method for the disposition of this matter, testing whether or not the defendants herein are entitled to a judgment as a matter of law on the question of a verification of the complaint.

"The Court further finds that there is no Indiana case directly in point on the sufficiency that matters were stated

'as true to the best knowledge and belief' under the statute requiring that matters 'be verified by affidavit.'

"The Court further finds that at the time this action was originally filed in the Allen Superior Court that the following Statutes and rules provided a form for a verification, which shall be in the following form or substantially, as follows: 'I (we) affirm under the penalties of perjury, that the foregoing representation(s) is (are) true. Signed: _____' Burns Indiana Statutes 6-124, Burns Indiana Statutes 2-1074 and Trial Rule 11.

"The Court further finds that the Indiana cases consider the following language, to wit; 'as affiant verily believes' or 'upon affiant's information and belief'. . . . These cases have been held to be a sufficient verification, for the reason that the Supreme Court has held that such statements are 'in common use'.

"The Court further finds that since it has been unable to find any Indiana case directly on point as to the specific statement 'as true to the best knowledge and belief', the Court must give attention to other jurisdictions, which have considered the exact language involved in the present matter.

"The Court further finds that in the majority of other jurisdictions where the exact question has been considered, it has been held that statements 'true to the best knowledge and belief' were insufficient, and did not constitute statements 'verified by affidavit'.

"The Court further finds that the defendants herein are entitled to a judgment as a matter of law, in that the first paragraph of the amended complaint is not 'verified by affidavit' as required by Section 29-1-7-17 Indiana Code of 1971, Burns 7-117.

"It is therefore now ordered, adjudged and decreed by the Court that a summary judgment be, and it is hereby entered for the defendants, and that the costs are assessed against the plaintiffs. Judgment accordingly."

Thereafter the plaintiffs timely filed their Motion to Correct Errors. After conducting a hearing on the motion, and taking the same under advisement, the trial court subsequently entered his findings of fact and ruling on the Motion to Correct Errors, which, omitting formal parts, reads as follows:

## "RULING ON MOTION TO CORRECT ERRORS

"Comes now the plaintiffs by their counsel, Steven D. Long, of the law firm of Kennerk, Dumas, Burke & Backs;

and Robert Thompson of the law firm of Hoffman, Moppert & Solomon; comes also the defendants, by their counsel, Arthur W. Fruechtenicht, and Arthur H. Fruechtenicht of the Fruechtenicht & Fruechtenicht Law Office, and Robert J. Parrish of the law firm of Jackson, Parrish & Larson, and the plaintiffs' motion to correct errors heretofore filed in this Court on September 25, 1973, and submitted to the Court for hearing and determination on October 23, 1973, and the Court then having seen and inspected said motion to correct errors and the brief in support of motion, having heard argument of counsel, and being sufficiently advised in the premises, now finds:

### I:

"That if the plaintiffs herein requested at the hearing on the motion for summary judgment that they be given an opportunity to amend the verification to comply with the ruling of the Court, that said motion, if made, should not be considered by this Court, for the reason that the rules of the Adams Circuit Court heretofore adopted on January 1, 1970, in conformity with the rules adopted by the Supreme Court of the State of Indiana on the same date, provides in the supplement to the amendments to the rules of the Adams Circuit Court Rule 1-C entitled Motions: 'All motions, except those of merely formal character, or to strike out testimony during trials shall be in writing and set forth the reasons thereof.' That said motion, if made, was not in writing, and was in truth and in fact, a motion in the alternative, requesting the Court to grant the plaintiffs herein leave to amend their complaint, if the Court ruled against them on the motion for summary judgment.

### II:

"The Court further finds that the defendants were entitled to a summary judgment, because the verification in issue was not adequate under the law of the State of Indiana.

### III:

"The Court further finds that the case law indicates to the Judge of the Adams Circuit Court that the form of the so-called verification as used in the complaint was not, and is not in common use in the State of Indiana.

### IV:

"The Court further finds that the defendants' motion to dismiss the second paragraph of complaint was properly sustained for the reasons heretofore set forth in the summary judgment.

### V:

"The Court further finds that Burns Indiana Statutes 7-117 entitled Actions to Contest Will or Resist Probate-Limitation-Complaint-Parties, is a special statutory remedy, which creates a right and prescribes a mode of enforcing it and that that mode must be pursued to the exclusion of all other remedies. SEE: Storms vs Stevens (1885) 3 NE, Page 401.

### VI:

"The Court further finds it is the general rule of law that 'When the law is in the affirmative that a thing should be done by certain persons, or in a certain manner, this affirmative manner contains a negative that it shall not be done by other persons or in another manner'. SEE: Shupe vs. Bell (1956), 127 Ind. App. 292, 298, 141 NE2d 351, 352, 26 American & English Encyclopedia of Law, 2nd Ed. 602; State ex rel vs. Home Brewing Co. (1914), 182 Ind. 75, 95: 105 NE 905.

### VI:

"The Court further finds that the law is well settled in Indiana that when a party seeks to invoke jurisdiction of a Court to act in a special statutory proceedings, he must, without the aid of intendment bring himself strictly within its spirit, as well as within its letter. Martin vs. Indianapolis Water Co. (1959), 162 NE 2nd 709, 714, and cases cited thereunder.

### VII:

"The Court further finds that the Statute under which the proceedings was brought, being Burns Indiana Statutes 7-117, requires that such complaint shall be filed within six months after the will has been offered for probate, by filing in the Court having jurisdiction of the probate of decedent's will his allegations, in writing, verified by affidavit. This is in effect a strict statute of limitations, and it must be observed, or the Court to whom the petition is addressed will acquire no jurisdiction. SEE: Slinkard vs. Hunter (1936), 209 Ind. 475, pages 478, 479, 199 NE 560, Page 562.

### VIII:

"The Court further finds that the plaintiffs' application to amend the original complaint by supplying a proper verification must be denied. The Court further finds that the record herein indicates and discloses that the plaintiffs herein did not seek to have the complaint properly verified, until on the date when a motion for summary

judgment was submitted, being July 25, 1973, or on the date when the plaintiffs herein filed a motion to file an amended complaint on September 14, 1973, at which times the statute of limitations had expired, and the time for the institution of the action had passed. The Plaintiffs could not at that late hour have dismissed the proceedings and filed a new one, and that the plaintiffs herein were not entitled to amend their petition because of a faulty verification by supplying a proper verification as required by Statute, after the statute of limitations had run in filing a new action. SEE: Gossard vs. Vawter (1937), 22 NE 2nd 416, 417, 418.

"It is therefore now ordered, adjudged and decreed by the Court that the motion to correct errors is hereby overruled, for the reasons heretofore stated in both this ruling and the summary judgment and the judgment on the motion to dismiss and strike."

While the effect of the Court's ruling on the motion to correct errors is the same as the Court's original judgment, nonetheless in comparing the findings in the original judgment with those in the ruling on the motion to correct errors, it is readily apparent that the Court altered and amended its original findings by making new and additional findings.

Both the Supreme Court and this Court have considered the procedural problem raised when the trial court, in ruling on a motion to correct errors does something other than merely denying or granting the motion.

In the case of *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, the trial court first entered a simple judgment of dismissal. Thereafter, in ruling on the motion to correct errors, the trial court entered special findings of fact, conclusions of law and judgment, affirming the dismissal. On the appeal to the Supreme Court of Indiana, the Appellee filed a motion to dismiss alleging in part that no motion to correct errors was ever filed addressed to the trial court's final entry. Our Supreme Court sustained Appellee's motion, held that the ruling on the motion to correct errors was a new judgment, to which a subsequent motion to correct

errors should have been addressed, because the Court made new findings of fact and conclusions of law, even though the judgment of dismissal was the same. Chief Justice Arterburn speaking for the Court stated:

> "If the trial court had simply either granted or denied that Motion to Correct Errors such step would have constituted the final judgment from which this appeal could have been taken without further ado. Rule AP. 4.
>
> "However, because of the insufficiency of the November 4, 1970 entry in the light of the attack made upon it by the State's Motion to Correct Errors, the trial court entered a completely new entry of February 3, 1971, pursuant to Rule TR. 52(B), constituting new findings of fact and a new judgment as authorized further by Rule TR. 59(E). This new entry for the first time set forth the reasons in fact and in law upon which the trial court's dismissal was based. If they were in error, then a Motion to Correct Errors was clearly necessary. Thus, the February 3, 1971 entry became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP. 4, should have been filed."

This Court had occasion to consider the same problem in the case of *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377. In *Davis,* following a decree of divorce and distribution of property, the wife filed a motion to correct errors alleging the Court had erred in the distribution of property. The trial court granted her motion, and entered an amended judgment which increased the property award to her. The husband sought to appeal this ruling without interposing a motion to correct errors on his own behalf.

On appeal to this Court, the appellee wife filed a motion to dismiss alleging the trial court's ruling on the motion to correct errors constituted a new judgment to which a second motion to correct errors should have been addressed. This Court, guided by the decision of the Supreme Court in *State* v. *Deprez, supra,* sustained the appellee's motion and stated:

> "Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if a trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amend-

ments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken.[1] With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged errors in the appeal process. The first sentence of Rule AP. 4(A) referring to appeals 'from all final judgments,' as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment, is thus given force and effect."

Just as in *State* v. *Deprez, supra* and in *Davis* v. *Davis, supra,* the trial court in ruling on the motion to correct errors amended and altered his findings by adding new and additional findings not contained in the original judgment. Just as in *Deprez* and *Davis* a subsequent motion to correct errors directed to this ruling was required to have been filed in order to have preserved any error on appeal. However, none was filed; therefore, the same result must obtain in this case as in *Deprez* and *Davis.*

The appellee's motion to dismiss is sustained and this cause is dismissed.

White, J., not participating; Lowdermilk, J., participating by designation.

Note.—Reported at 311 N.E.2d 621.