LEDGER D. WEBER, TRUSTEE, ET AL. *v.* PENN-HARRIS-MADISON SCHOOL CORPORATION.

[No. 3-1173A158. Filed October 24, 1974. Rehearing denied November 27, 1974. Transfer denied May 21, 1975.]

---

*Thomas P. Loughlin, William T. Means,* of Mishawaka, for appellants.

*James J. Olsen, Schindler & Olsen,* of Mishawaka, for appellee.

PER CURIAM—This cause is pending before us on the Appellee's Motion to Dismiss which alleges that the Appellants have failed to file a Motion To Correct Errors directed to the final judgment of the trial court.

This was a Condemnation Action brought by the plaintiff-appellee Penn-Harris-Madison School Corporation. After a trial by jury, the Court entered the following judgment:

> "And now Motion for judgment on the verdict is granted and judgment is entered in favor of the defendants and against the plaintiff in the Amount of $44,250.00 plus the interest incurred in this cause and the cost of the action.
>
> "IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court for the defendants and against the plaintiff in the amount of $44,250.00 plus the interest incurred in this Cause and the cost of the action.
>
> "Judgment."

Thereafter the defendants filed their Motion to Correct Errors and subsequently the Plaintiff filed its Cross-Motion to Correct Errors and response to Defendants' Motion To Correct Errors.

In response to these motions, the trial court entered a new judgment and vacated its prior judgments. This judgment entry is as follows:

### "ORDER ON MOTION TO CORRECT ERRORS AND FINAL JUDGMENT

"Come now the parties by counsel and the defendants having filed their motion to correct errors pursuant to Trial Rule 59 and the plaintiff having filed its cross-motion to correct errors in response to defendants' motion to correct errors and hearing having been had thereon the Court now denies plaintiff's cross-motion to correct errors and denies specifications 1 and 4 of defendants' motion to correct errors and grants specifications 2 and 3 of defendants' motion to correct errors; the Court finds that interest computed at 4% per annum on the jury's verdict rendered May 2, 1973, in the amount of $44,250.00 for the period from January 7, 1970, to May 2, 1973, in the amount of $5,862.77 is due defendants and that defendants are entitled to a judgment in the total sum of $50,112.77 and the costs of this action.

"IT IS, THEREFORE, CONSIDERED AND ADJUDGED by the Court that the defendants have and recover of the plaintiff as final judgment in this cause the sum of $50,112.77 plus the costs of this action.

"IT IS FURTHER ORDERED AND ADJUDGED that the prior judgments entered herein on the 10th day of October, 1969, and the 2nd day of May, 1973, are hereby vacated and set aside.

"Dated this 7th day of September, 1973.

NORMAN KOPEC
Judge, St. Joseph Superior Court"

No Motion to Correct Errors was directed to this final judgment. Instead, Appellants filed their praecipe and this attempted appeal on the merits follows.

In comparing the earlier judgment on the verdict of the jury and the final judgment, it is readily apparent that not

only did the final judgment alter, amend and modify the earlier judgment, but it vacated the earlier judgment. Therefore, any Motion to Correct Errors directed to the earlier judgment became a nullity. The judgment of September 7, 1973, thus became the final judgment of the Court, to which a Motion to Correct Errors was required to be addressed as a condition precedent to an appeal therefrom. *Lows* v. *Warfield* (1970), Ind. App., 259 N.E.2d 107; *Ind. St. Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448; *Bradburn* v. *Co. Dept. Public Welfare* (1971), 148 Ind. App. 387, 266 N.E.2d 805; *Middlekamp* v. *State Exchange Finance Co.* (1973), 155 Ind. App. 45, 290 N.E.2d 780. The Appellants attempt to extricate themselves from their procedural dilemma by stating they placed their reliance upon the first *Davis* case. (*Davis* v. *Davis* (1973), 156 Ind. App. 176, 295 N.E.2d 837). However, our Supreme Court decided *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, on May 21, 1973, which was published in the June 13, 1973, issue of the North Eastern Reporter advance sheet, well ahead of the date of the final judgment in this case, entered September 7, 1973. With the decision in *Deprez*, the handwriting was on the wall. *Deprez* impliedly overrules *Davis*. If the trial court does something more than merely grant or deny the Motion to Correct Errors, a new judgment is born and a new motion to correct errors must be filed.

This Court did issue a second opinion in the *Davis* case, (*Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377). We followed *Deprez,* stating:

"Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if the trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amendments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken. With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged errors in the

appeal process. The first sentence of Rule AP. 4(A) referring to appeals 'from all final judgments,' as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment is thus given force and effect."

Appellants make two arguments in their attempt to avoid the consequences of *Deprez* and the second *Davis* opinion. First, they allege that there was not enough of an amendment of the original judgment to have required a subsequent motion to correct errors addressed to the amended judgment, and the language of the amended judgment vacating the prior judgments was inserted at the request of the School Corporation (and therefore should not act as a detriment to appellants' appeal).

This Court reads *Deprez* to mean that if the trial court, in ruling on the motion to correct errors, does anything other than simply granting or denying the motion, that ruling becomes a new judgment to which a new motion to correct errors must be directed. Therefore, *any* amendment of a judgment creates a new judgment which requires a motion to correct errors.

There is no merit to Appellants' argument that the School Corporation caused the language concerning vacation of the prior judgment to be inserted in the last judgment entry, and therefore, appellants should not be penalized by its inclusion. Regardless of who may have prepared the entry, it was signed by the trial judge and made a part of the record. The language of the entry was clear and unambiguous. It could not possibly have been misunderstood by Appellants' counsel. The prior judgments were vacated and the judgment of September 7, 1973, became the final judgment in the cause.

Appellants next seize upon that part of the second *Davis* case which states:

". . . the party aggrieved thereby just file a motion to correct errors addressed to the new entry which has become the final judgment . . ."

Appellants assert they were not aggrieved by the September 7, 1973 judgment, and therefore were not required to file a motion to correct errors directed to it. Since the earlier judgment entries were vacated by the September 7 judgment, there remains only the September 7 judgment to be appealed from. Therefore, Appellants' argument is not well founded and not well taken. Appellants have simply failed to file a motion to correct errors directed to the final judgment of the trial court, and therefore, no appeal has been taken from that judgment and this cause must be dismissed.

This Court has considered this procedural problem in the later cases of *Wyss et al.* v. *Wyss et al.* (1974), 160 Ind. App. 281, 311 N.E.2d 621, and *State* v. *Kushner et al.* (1974), 160 Ind. App. 464, 312 N.E.2d 523.

In *Wyss*, the effect of the trial court's ruling on the motion to correct errors was the same as the original judgment. However, in ruling on the motion to correct errors, the trial court made new and additional findings not contained in the original judgment. We held in *Wyss* that a subsequent motion to correct errors was required.

In *Kushner*, the trial court sustained the appellee's motion to correct errors and granted a new trial subject to additure. In ruling on the motion to correct errors, the trial court made new findings and entered a new judgment. We held in *Kushner*, that the Appellant should have filed a second motion to correct errors, since the second judgment had become the final judgment.

In the second *Davis* case, *Wyss, supra,* and *Kushner, supra,* this Court has followed the Supreme Court's decision in *Deprez, supra.* We are compelled to follow *Deprez* in the present case and dismiss the attempted appeal on the merits.

The appellee's Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 317 N.E.2d 811.