DONALD CROWL AND MARY CROWL *v.* SURVEYOR OF STEUBEN COUNTY, INDIANA AND DRAINAGE BOARD OF STEUBEN COUNTY, INDIANA

[No. 3-978A222. Filed November 27, 1978.]

*Phyllis Gratz Poff,* of Auburn, *Jeffrey L. Turner, Van Horne & Van Horne,* of Auburn, for petitioners.

*Albert M. Friend,* County Attorney-Steuben Co., *David Peebles,* of Fort Wayne, for respondents.

GARRARD, P.J. — This case is before us upon appellants' petition for a writ in aid of appellate jurisdiction and appellees' motion to dismiss the appeal.

The case is a proceeding to review the action of the Steuben County Drainage Board pursuant to IC 19-4-8-5. After the case was heard by the trial court, appellants filed their motion to correct errors pursuant to Indiana Rules of Procedure, Trial Rule 59. The circuit court ruled that it was without jurisdiction to entertain a motion to correct errors due to IC 19-4-8-7 which states:

"An appeal from a final judgment of the court or the judge thereof in vacation, entered pursuant to section 805(b) [subsection (b) of 19-4-8-5] of this article, may be taken by either party directly to the Supreme Court of Indiana provided a notice of intention to appeal therefrom shall be filed with the circuit court within a period of twenty [20] days from the date of said judgment, together with

an appeal bond, with surety approved by the court, conditioned that the appellant will duly prosecute said appeal and pay all costs if the decision of the Supreme Court of Indiana shall be determined against him. *No motion for a new trial shall be required or permitted prior to taking such appeal* to the Supreme Court of Indiana. An assignment of errors and transcript of the record must be filed in the office of the clerk of the Supreme Court within forty [40] days from the date of the judgment. Except as herein provided, and to the extent applicable, all rules of law governing civil appellate procedure shall thereafter apply. [Acts 1965, ch. 305, § 807, p. 831.]" (emphasis added)

Thereafter, appellants petitioned this court to mandate the trial court to rule on the motion to correct errors so that they may proceed with their appeal. Conversely, appellees have moved to dismiss the appeal for appellants' failure to file their transcript and assignment of errors within the statutory forty days after judgment was entered.

Although the statute evinces a legislative intent to expedite appellate action, it was adopted prior to our present code of civil procedure.

In *Indiana State Personnel Board v. Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448 our Supreme Court held that a similar provision for expedited appeal contained in the Administrative Adjudication Act had been superseded by the civil code's provision for a motion to correct errors, and that a motion to correct errors was uniformly to be required except for those instances enumerated in TR. 59(G).

We deem *Wilson* controlling. It follows that appellants' motion to correct errors was proper and appellees' motion to dismiss ill conceived. The motion to dismiss is denied. The appellants' petition is granted and the trial court is now ordered to rule upon the motion to correct errors filed herein.

Hoffman and Staton, JJ. concur.

NOTE—Reported at 382 N.E.2d 985.